## BOYD EMERY

v.

## JOSEPH W. COCHRAN et al.

82   65
170   439

1. CHANCERY—bill to remove cloud on title.  Notwithstanding the statute allowing a party to file a bill to remove a cloud upon his title whether the land is occupied or not, it must appear that the complainant is either legally or equitably seized, and if not in the possession of the property, that he is legally entitled to be.

2. Where a bill to set aside conveyances as a cloud on title shows a mortgage which is a prior lien to the deed of trust under which the complainant derives his deed, and there is no allegation of the discharge or release of the mortgage, so that complainant at most had only the equity of redemption, without any right of possession against the mortgagee, the bill will show no right to the relief sought.

3. SAME—charge of fraud in bill.  To invoke the aid of a court of equity to set aside a deed, it is not enough merely to charge, in general terms, that it was obtained by fraud, circumvention and deception, but the facts constituting the fraud, etc., must be specifically stated.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. CALVIN H. FREW, for the appellant.

Messrs. POLLOCK & SAMPLE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant exhibited his bill in equity in the court below against appellees, to remove a cloud cast upon his title to certain real estate situated in Ford county.  Demurrer was sustained, pro forma, to the bill of complainant, and the only question to be determined is, can that ruling be sustained?

Appellant derives his title by purchase at a sale by a trustee, under a deed of trust executed by Harrison Tyner, the original owner of the property, on the 27th day of July, 1858, to secure a promissory note to James C. McCulloch, payable in six months, for $431.75.  The bill shows, however, that prior to the execution of this deed of trust, and on the 12th day of

February, 1857, Harrison Tyner and wife had mortgaged the same property to one Harvey Truesdale, to secure the payment of a promissory note for $580, and this mortgage was recorded on the 5th of May, 1857, so that the deed of trust under which appellant claims was junior and subject to this mortgage. The mortgagee is not made a party to the bill. There is no allegation that the mortgage has been discharged or released, or that appellant has become owner of it. For aught that appears, there may be an outstanding perfect title, derived under this mortgage. Appellant, at most, has but the equity of redemption, and is not entitled to the possession as against this mortgagee.

Prior to the enactment of our recent statute, allowing a complainant to file a bill to remove a cloud upon his title whether the lands are occupied or not, such a bill could only be filed by one in the actual possession of the property; and, since then, it must appear that the complainant is either legally or equitably seized, and if not in possession of the property, that he is legally entitled to be.

It is not within the province of a court of equity to settle purely speculative or possible issues, in regard to the merits of different titles, in this form of proceeding.

Nor do we regard the allegations in respect to the quitclaim deed from Tyner and wife to Cochran, sufficient to justify the interposition of a court of equity. To invoke the aid of a court of equity to set aside a deed, it is not enough merely to charge, in general terms, that it was obtained by fraud, circumvention and deception; but the facts constituting the fraud, etc., must be specifically set forth. Besides, Tyner and wife make no complaint, and if they are satisfied, of what concern is it to the complainant whether they were defrauded or not. He is, in no sense, their representative as to any interest in the property they then had.

The demurrer was properly sustained, and the decree is affirmed.

*Decree affirmed.*