JEWETT et al. v. BOARDMAN, Appellant.

**Division One, May 25, 1904.**

1. **JURISDICTION: Attachment: No Personal Service.** In an attachment suit where there is no personal service of process and no appearance of the defendant, the court's jurisdiction is only *in rem*, and it can not go beyond its territorial boundary to lay hold of "the thing" to give it jurisdiction. Where by the statute establishing a circuit court at a town in the county other than the county seat, that court at that town is given jurisdiction of all civil suits at law or in equity arising in that part of the county within which lies the land sought to be attached, the circuit court at the county seat can not obtain jurisdiction over the land in an attachment suit brought by publication.

2. **JUDGMENT: Space Left Blank.** Where, in the judgment record book, the style of the case is stated, followed by a blank space and nothing more, there is no judgment in the case.

3. **PROCESS: Publication: In Paper in County.** Where circuit court is held in two places in a county, and suit is brought in one of them to declare void a deed to land lying within the jurisdiction of that court, notice by publication can not be made in a newspaper published in a town lying outside of the jurisdiction of that court, if there is a newspaper published in that town.

4. **——: ——: ——: Meaning of Statute.** The statute directing that the order of publication, where the defendant can not be served with personal process, "shall be published in

some newspaper published in the county where suit is instituted, if there be a paper published there," contemplates a suit in a circuit court having territorial jurisdiction coextensive with the county. But where the act creating a circuit court to be held at a town other than the county seat, divides the county into two districts for the sitting of the court, and gives to the court in that town exclusive jurisdiction of civil suits arising within the territorial limits of the district in which the town is situated, an order of publication must be published in a newspaper printed in that town, if any there be.

5. **VOID JUDGMENT: Inadequate Remedy at Law.** Although a judgment may be void, yet if the defendants have no adequate remedy at law, since execution has been issued thereunder and the land sold and thereby a cloud created on his title, he may bring a suit in equity to have the judgment, execution, sale and deed declared void.

6. ————: **Cloud on Title: Pleading.** The petition must be judged by its statement of facts, and not by the name the pleader gives it. If the statement of facts makes it a suit to remove a cloud on plaintiff's title, it will be held to be such, although it does not in so many words charge that the decree and the deed it wishes to have set aside, constitute a cloud on plaintiff's title.

7. ————: ————: **Unoccupied Land: Equity.** Where the land is in possession of no one and plaintiff's suit depends on proof *aliunde,* a court of equity will set aside a void decree by which defendant was given title, because in no other way can plaintiff be given adequate relief.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Ben Eli Guthrie* and *Dan R. Hughes* for appellant.

(1) The petition alleges that the circuit court at Macon had no jurisdiction to entertain the attachment suit of Henry J. Boardman v. Philo D. Jewett, and proceeded upon the theory that there was a total want of jurisdiction in said court to render the judgment that was rendered. If such was the fact, then there is no equity in the bill because the judgment, execution and sale thereunder were absolutely void and conferred no

right upon the plaintiff therein and would not defeat an action in ejectment to recover the land by Nellie M. Jewett and her grantees. If it be a fact that at the time of the attachment suit of Boardman v. Jewett, the defendant Jewett had no title, but the title and estate was in the plaintiff in this cause, then her interest could in no wise be affected and endangered by the attachment proceeding and the subsequent judgment and sale. This is not an action to remove a cloud from a title, but to set aside a decree in equity because the judgment which the decree in equity enforced was void. (2) The creation of an additional court in the county or the prescribing of a different place for it to sit in the county, does not take away the original jurisdiction of the old court. It remains the same as it ever was. State ex rel. v. Hughes, 104 Mo. 459; State v. Orrick, 106 Mo. 111; State ex rel. v. Yancy, 123 Mo. 427. (3) If the Acts of 1877 and 1879 are to be construed as depriving the circuit court at Macon of jurisdiction throughout the county, then it is in effect organizing a county in the so-called La Plata district and that without a vote of the people, which is in conflict with the Constitution (sec. 5, art. 9) and this court will not adopt an interpretation of the statute that will make it conflict with the organic law.

*R. S. Matthews & Otho F. Matthews* for respondents.

(1) In both the proceedings in the attachment suit at the April term, 1896 at Macon, and in the suit to set aside deed to Nellie M. Jewett at La Plata, March term, 1899, extrinsic evidence and legal acumen is necessary to determine the fraud practiced on Nellie M. Jewett. The judgment in the La Plata court could not be met in a suit at law without evidence *dehors*. The suit was brought in due form and reasonably regular on its face. 6 Am. and Eng. Ency. Law, p. 153; Mason v. Black, 87 Mo. 329; Beedle v. Mead, 81 Mo. 297; Clark v. Ins. Co., 52

Mo. 272; Bank v. Evans, 51 Mo. 335; Railroad v. Norton, 15 Mo. 142. (2) In both the attachment suit at Macon, and the suit to set aside the deed at La Plata, there was no personal service, and the evidence is that the respondents had no knowledge or information that any proceedings were being had against them. The evidence shows the real estate in question was the separate property of Nellie M. Jewett, bought with her own separate money. This would have been a good defense against a suit to set aside the deed; likewise in the attachment proceedings at Macon the fact that the land in question was bought with the separate estate of Nellie M. Jewett, would have been a perfect defense. The rule of equity is, "where the defendant in an action at law has a good defense on the merits which he is prevented by accident from setting up or making available without any negligence or inattention on his part, and a judgment is rendered against him, equity will exercise its jurisdiction on his behalf by enjoining further proceedings to enforce the judgment or by setting it aside." 2 Pomeroy Eq. Jur., sec. 836; also secs. 871 and 919; Marx v. Fore, 51 Mo. 69; Eager v. Slover, 59 Mo. 87; Barlow v. Steel, 65 Mo. 611; Napton v. Leaton, 71 Mo. 358. (3) While a mere inadequacy of price will not of itself justify the setting aside a deed made in pursuance of a sheriff's sale, yet when that inadequacy is proven there must be a strict regularity of proceedings or the deed should be set aside. Nelson v. Brown, 23 Mo. 13; Parker v. Railroad, 44 Mo. 415; Beedle v. Mead, 81 Mo. 297; W. B. G. Co. v. Allen, 63 Mo. App. 456; Gordon v. O'Neil, 96 Mo. 355. (4) The act creating the La Plata court and acts amendatory thereto by reason of the restriction placed upon said court as to territory and excluding the jurisdiction of the circuit court at Macon from the territory within the La Plata court, is not unconstitutional. It is not unconstitutional to regulate the court and to make necessary provisions for it and to

govern it.    State ex rel. v. Field, 119 Mo. 593; State ex rel. v. Hughs, 104 Mo. 459; State v. Orrick, 106 Mo. 111.

VALLIANT, J.—This is a suit in equity to set aside a judgment or decree rendered in the circuit court of Macon county, by default, against these plaintiffs, who are husband and wife, in favor of this defendant, whereby the plaintiff Nellie M. Jewett was divested of title to certain land in that county and the defendant invested with the same.

The suit in which the decree that is now sought to be set aside was rendered, was filed by this defendant as plaintiff against these plaintiffs as defendants on nineteenth September, 1898, in the circuit court of Macon county at La Plata.  In the petition therein it was alleged that the defendants were non-residents of Missouri; that at the April term, 1896, of the Macon circuit court in an attachment suit therein pending, wherein Boardman was plaintiff and Philo D. Jewett was defendant, a judgment was rendered in favor of that plaintiff against the defendant for $714 and costs and the land in question, which was the subject of that attachment, was, during the September term, 1896, sold by the sheriff under execution that had issued on the judgment, and at that sale that plaintiff had become the purchaser and received the sheriff's deed; the petition then went on to allege that the land really belonged to Philo D. Jewett at the date of the attachment, but that he had caused the title to be taken in the name of his wife, Nellie M. Jewett, and held by her to defraud his creditors and place it beyond their reach by ordinary process; the prayer of the petition was to divest the wife of the title and vest it in that plaintiff; the decree was in conformity to the prayer.  On the filing of the petition in that case there was an order of publication made by the clerk in vacation against the Jewetts as non-residents.  That order of publication was directed to a newspaper published in the city of Macon, the county seat, and was

published in that paper. On proof of the publication, the defendants not appearing, an interlocutory default was entered against them which was followed by the final decree above mentioned. This suit is to set aside that decree and the sheriff's deed in the attachment suit.

The petition in the suit now before us alleges that the court in which the judgment in the attachment suit is said to have been rendered, which was the circuit court sitting at the city of Macon, had no jurisdiction in that case, because Philo D. Jewett was not served with process, and the land said to have been attached was not in that part of the county over which the circuit court in the city of Macon had jurisdiction, but was in the exclusive jurisdiction of the circuit court sitting at La Plata. It also alleges that no judgment was in fact rendered in the attachment suit. The petition further alleges that the circuit court at La Plata, in which the decree which is now sought to be set aside was rendered, acquired no jurisdiction over these plaintiffs, defendants therein, because they were not served with process, and because the order of publication against them as non-residents was made in a newspaper outside of the territorial jurisdiction of the La Plata court.

The petition also alleges that the selection of the Macon court for the attachment suit and of the Macon newspaper for the publication of the notice of the La Plata suit, were made by the plaintiff in those suits with the fraudulent design of preventing those suits from coming to the notice of these plaintiffs.

The answer is a general denial.

The plaintiff's evidence was as follows:

The record in the attachment suit at Macon showed the petition, affidavit, writ, return of the sheriff thereon that he had attached this land (omitting however to say either that the defendant was served or that he could not be found), order of publication and proof that it was published in a newspaper in Macon City. In the

minutes of the clerk under date May 2, 1896, is a memorandum as follows: ''Henry J. Boatman v. Philo D. Jewett. Judgment for plaintiff for $714 against property attached described as follows:'' describing this land. On the court records of that day is this: ''Henry J. Boatman v. Philo D. Jewett.'' This is followed by a blank space in which a judgment might have been written but was not. Special execution issued under date September 1, 1896, reciting a judgment as indicated in the sheriff's memorandum above shown, under which the sheriff sold the land as the property of Philo D. Jewett to Boardman, the plaintiff in attachment, and executed a deed to him, in the usual form of sheriff's deeds in such case, under date September 29, 1896.

The entries in the circuit court record at Macon in the case of Henry J. Boardman v. Philo D. Jewett show that on May 1, 1897, the cause was continued; at the September term following, proof of publication was filed; on November 30, 1897, the plaintiff dismissed the suit.

The record shows that in the equity suit at La Plata in which the decree was rendered that is now sought to be set aside, there was no service of process on these plaintiffs and that the order of publication was directed to and published in a newspaper published in the city of Macon which was outside of the territorial jurisdiction of that court. The testimony showed that the plaintiffs had no notice of that suit. Plaintiffs offered evidence to show that the land in question had never belonged to Philo D. Jewett, but had been purchased by Nellie M. Jewett and paid for out of her separate estate. The defendant objected to the evidence on the ground that it was irrelevant, and his objection was sustained.

The act of the General Assembly authorizing or requiring the circuit court to sit at La Plata and defining its jurisdiction, approved February 28, 1877 (Laws

1877, p. 215), and the act amendatory thereof, approved April 22, 1879 (Laws 1879, p. 84), were read in evidence.

Under those acts the circuit court sitting at La Plata has exclusive jurisdiction in all civil suits at law or in equity arising in that part of Macon county north of the line running east and west between township 58 and 59. The land in question in this suit lies north of that line.

There was no evidence offered by the defendant.

The court found for the plaintiffs on all the issues of fact, and rendered a decree setting aside the sheriff's deed to the defendant under the attachment suit and setting aside the decree in the equity suit at La Plata which essayed to divest the plaintiff Nellie of her title. The defendant appeals.

The record in the attachment suit shows that there was no valid judgment rendered therein. The court at Macon had no jurisdiction. There was no service of process on the defendant Philo D. Jewett and the only semblance of jurisdiction was through the attachment of the land. But that land was in the exclusive jurisdiction of the court sitting at La Plata. If there had been personal service on Jewett and a personal judgment against him, execution on such judgment might be levied on his land anywhere in the county. But in an attachment suit where there is no personal service of process and no appearance of the defendant, the court's jurisdiction is only *in rem,* and it can not go beyond its territorial boundary to lay hold of "the thing" to give it jurisdiction. In such case the property must be within its territory in order to give it jurisdiction. Besides, the record shows that there was really no judgment in that case. There was a memorandum of the clerk indicative of such a judgment, and there was in the book of the court's record a space left which perhaps was designed to be filled with such a judgment, but it was never filled, and whether there was any memorandum on the judge's docket to author-

ize the clerk to afterwards enter a judgment in the record book does not appear. In the caption or style of the case in the clerk's memorandum and in the record, the name of the supposed plaintiff is written Boatman instead of Boardman, but we need not discuss that feature of the case. Thus after all—after the alleged judgment, execution and sale—the record of the court shows that the cause was continued for a term and then dismissed by the plaintiff.

The record in the equity suit at La Plata shows that there was no service of summons, and no appearance of the defendants, there was only notice by publication, and that publication was ordered to be made and was made in a newspaper outside of the territorial jurisdiction of the court, the evidence showing that there were newspapers published within that jurisdiction. That was not a legal order of publication and it was not a legal publication.

Section 581, Revised Statutes 1899, directs that such order "shall be published in some newspaper published in the county where suit is instituted, if there be a paper published there; if not, then in some paper published in this State, which the plaintiff, or his attorney of record, with the approval of the judge or clerk making the order, may designate as most likely to give notice to the person to be notified."

That statute directing the publication to be made in a newspaper published in the county, contemplates a suit in a circuit court having territorial jurisdiction co-extensive with the county. It indicates that the court must keep within its territorial jurisdiction in making the order if there is a newspaper published within that jurisdiction. There is no express direction in the act of the General Assembly relating to the La Plata court on this subject, but that act as amended in 1879 does, in effect, divide the county into two districts for the sitting of the circuit court and does give to the court at La Plata exclusive jurisdiction of civil suits arising in one

of those districts, and it would be but carrying out the general purpose expressed in section 581 to require the La Plata court to confine itself to its own territory in making publication of such orders.

The La Plata court had no authority to send this order outside of its territorial jurisdiction for publication, and therefore the publication as made was not constructive notice to the defendants in that suit. The judgment or decree when tested by its whole record is invalid.

The learned counsel for appellant argue that if on the whole record the judgment or decree is to be condemned as invalid—held for naught—then it is void on its face, may be attacked collaterally—it hurts no one, and a court of equity will not trouble itself about it.

This judgment being invalid on the face of its whole record, is doubtless subject to a collateral attack, and the plaintiffs are not entirely without remedy at law. But the judgment on its own face in connection with the sheriff's deed, both of which are parts of the public records of the county, constitute a cloud on the title of Nellie Jewett which can not be otherwise than injurious to her property rights and her remedy at law is by no means adequate.

The learned counsel say that the plaintiffs' petition is not drawn on the theory of removing a cloud from the plaintiffs' title, but to set aside a decree on the ground that it is void. The petition does not in so many words say that this decree and this deed form a cloud on plaintiffs' title, but if it so stated, that would be a mere conclusion; the petition is to be judged by its statements of facts and not by the name the pleader may give it.

The inclination of a court of equity to leave the parties to their remedies or defenses at law where the act complained of is void on its face, is shown only in cases where the remedy at law is adequate and the complaining party can suffer no considerable loss. This court

at an early date considered that subject. In Bank v. Evans, 51 Mo. 335, 1. c. 345, the court, per ADAMS, J., said: "I have already intimated that such a title as plaintiffs claim under, is sufficient to cast a cloud over defendant's title and is such as would render their land unsalable in the market. I know that the authorities are somewhat conflicting in regard to what sort of titles constitute a cloud, so as to warrant a court of equity to interfere and remove it. Some of the courts hold, that if the defect is apparent on the deed, the law will not entertain jurisdiction; but I think that the weight of authority and reason sustains the position, that if the defect is such as to require legal acumen to discover it, whether it appears on the deed or proceedings, or is to be proven *aliunde,* courts of equity entertain juristion to remove the cloud." [Citing Wills v. Weston, 22 Mo. 384, and Lockwood v. St. Louis, 24 Mo. 20.]

In subsequent decisions language has been used to the effect that if, in tracing the title back to its source, a defect appears that renders it void it is not a cloud on the real title and equity will not interfere. [Clark v. Ins. Co., 52 Mo. 272; Mason v. Black, 87 Mo. 329.] But that language was used in reference to the facts of those cases and was not intended to gainsay what was said in Bank v. Evans. The doctrine of Bank v. Evans was approved in the majority opinion in Verdin v. St. Louis, 131 Mo. 26, and was not disapproved in the dissenting opinion although reference to it was made to distinguish it from the case then in hand.

. In the case at bar not only does the question of the validity of the judgment and deed assailed depend for its answer on the construction of a statute which thitherto, in that respect, had not received the judicial interpretation of this court, about which learned counsel in this case have urged conflicting opinions and which is now for the first time construed, but it depended also in the language of the dissenting opinion above referred

to, ''on loose papers liable to loss or destruction '' and also on proof *aliunde* that there were at that time newspapers published within the territory over which the La Plata court had jurisdiction.

If this land had at the date of the filing of this suit been in the actual possession of the defendant, the plaintiffs could have sued him in ejectment and when he might bring forward his deed and decree as constituting his title the plaintiffs could have pointed out its infirmity and in that way have prevailed at law. But this was wild land, in the actual possession of no one and there was no opportunity for the plaintiffs to sue in ejectment. Under such circumstances a court of equity will give relief by treating the defendant's claim as a cloud on the title and removing it. [2 Story, Eq. Jur. (13 Ed.), p. 11, and cases cited in note.]

The sheriff's deed is made by statute prima facie evidence of the truth of its recitals; the decree of the court sought to be set aside recites that publication was duly made and on its face it appears regular.

The sheriff's deed and decree together make a very ugly cloud on the plaintiff's title and she is entitled to have it removed.

This is the view the trial court took of the case and its judgment is affirmed.

All concur, except *Robinson, J.*, absent.