GEORGE K. BRECHT, ANNA M. ANDERS AND PENN TRUST COMPANY AS EXECUTORS AND TRUSTEES OF THE WILL OF JOHN C. MORGAN, DECEASED, *Appellants*, v. BUR-NE COMPANY, A CORPORATION, *Appellee*.

Division A.

Opinion Filed February 26, 1926.

346

*Cook & Dishman,* for Appellants;

*Brandon, Gage & Hancock,* for Appellee.

ELLIS, J.—The Bur-Ne Company, a corporation, exhibited its bill in the Circuit Court for Pinellas County against "John C. Morgan, if single, and if married, John C. Morgan and his wife, whose name is to Complainant unknown, and all Unknown persons claiming any right, title or interest in and to the hereinafter described land" to quiet the title to such lands. The bill was filed on October 23, 1923. It was supported by an affidavit that the defendants were nonresidents of the State of Florida and their place of residence was unknown.

On the same day an order of publication was made requiring John C. Morgan, if single, and if married, John C. Morgan and his wife, and all unknown persons claiming any interest in the land described to appear to the bill of complaint on January 7, 1924.

The order was published once a week for eight weeks in a weekly newspaper called the Safety Harbor Herald, published in Pinellas County; the last publication of the order being December 21, 1923. A copy of the order was also posted on October 22, 1923, at the courthouse door in Clearwater.

On the 7th day of January, 1924, the day named in the order for appearance of defendants, Anna M. Shaeffer,

describing herself as the daughter of John C. Morgan, the named defendant, and his sole devisee for life of the property described in the bill, entered her appearance to the bill by her solicitors. In the written announcement of her appearance she averred the fact to be that John C. Morgan died June 12, 1916, that his will was probated in Montgomery County, Pennsylvania, and a certified transcript of the proceedings was filed in the County Judge's Court of Pinellas County on January 7, 1924.

On the same day an order *pro confesso* was taken against "John C. Morgan, if single, and if married, John C. Morgan and his wife, whose name is unknown and all unknown persons claiming any right, title or interest in and to the lands described in the bill of complaint."

On February 1, 1924, a stipulation was entered into between solicitors for the Bur-Ne Company and the solicitors for Anna M. Shaeffer (now Anders) individually and Anna M. Shaeffer, George K. Brecht, and Penn Trust Company, as executors of the will of John C. Morgan, deceased, that they should have until the first Monday in March, 1924, to file such plea or answer "on behalf of their clients as they may desire to file."

A guardian *ad litem* for the unknown defendants was appointed and on April 3, 1924, the court made an order that the allegations of the bill of complaint be taken as confessed against "Anna M. Anders, formerly Anna M. Shaeffer, heir at law, of John C. Morgan, and George K. Brecht, Anna M. Anders and Penn Trust Company as executors of the will of John C. Morgan deceased and as trustees under the will, for failure upon the part of each of them to file any pleadings in the cause."

The cause then proceeded *ex parte*. Testimony was taken on April 22, 1924. On the same day complainant caused to be filed the motion for entry of an order *pro*

*confesso* against Anna M. Anders, heir at law of John C. Morgan, and Anna M. Anders, George K. Brecht and Penn Trust Company as executors of the will of John C. Morgan and as trustees under the will.

On the same day the Master's report of the testimony was filed. On the same day notice of final hearing was given to the Guardian for the unknown defendants.

But on the 7th day of April, 1924, fifteen days before the testimony reported by the Master, final decree was entered which decreed the equities to be with the complainant and that the "claims or rights of the defendants herein, to-wit, John C. Morgan, deceased, Anna M. Anders, in her own right, George K. Brecht, Anna M. Anders and Penn Trust Company, as executors of the last will and testament of John C. Morgan deceased and as trustees under said will, and all unknown persons claiming any right, title or interest in and to said lands, as also the unknown claimants under the said John C. Morgan, deceased, either as heirs, grantees or assigns of the said John C. Morgan, deceased, or claimants, otherwise under said John C. Morgan, deceased, and each of them are void and unenforceable as to the complainant" and such rights were cancelled and set aside.

From that decree George K. Brecht, Anna M. Anders and Penn Trust Company, as executors and trustees of the last will and testament of John C. Morgan, deceased, took an appeal. No one was named as appellee but notice of the appeal was directed to Bur-Ne Company.

The Bur-Ne Company appearing as appellee urge the dismissal of the appeal because it should have been taken in the name of all the persons against whom the decree, which was joint against all defendants, was entered. That as all unknown defendants and Anna M. Anders individually as heir at law of John C. Morgan, deceased, were not

joined either as appellants or as appellees the appeal is defective.

It is also urged that the Penn Trust Company being a foreign corporation is without standing in this Court and is prohibited by law from taking an appeal or from defending any action or suit in the courts of this State.

There is no merit in that proposition because if the Penn Trust Company became a defendant in the cause either by act of the complainant in making the company a defendant or by order of the court it will not be denied the right to defend its property rights which may be involved in the proceeding. See Swift & Co. v. Platte, 68 Kan. 1, 72 Pac. Rep. 271, 74 Pac. Rep. 635; Stark Grain Co. v. Harry Bros. Co., 57 Tex. Civ. Ap. 529, 122 S. W. Rep. 947; American De Forest Wireless Tel. Co. v. Superior Court of City & County of San Francisco, 153 Cal. 533, 96 Pac. Rep. 15, 126 Am. St. Rep. 125, 17 L. R. A. (N. S.) 1117; Turcott v. Yazoo & M. V. R. Co., 101 Tenn. 102, 45 S. W. Rep. 1067, 40 L. R. A. 768.

The statute merely prevents foreign corporations which have not complied with the statutory requirements as to doing business in this State from maintaining any action in the courts of this State but does not prevent them from defending suits brought against them. Section 4098, Revised General Statutes.

But neither the Penn Trust Company, Anna M. Anders nor George K. Brecht, as executors of the last will and testament of John C. Morgan, deceased, and as trustees under that will, nor Anna M. Anders individually, were made parties defendant in the cause. They were not made parties defendant by the complainant nor by any order of the court. Their names were merely included in a final decree which purported to adjudicate their rights although they were not proceeded against by name as defendants.

The suit in this case was begun against a deceased person and unknown persons. The bill does not allege that the complainant does not know and has not been able to ascertain whether any person believed by the complainant to be interested in the property, or if dead to have been interested, is dead or alive. Neither did the complainant make Anna M. Anders, George K. Brecht and Penn Trust Company defendants after they became known to the complainant as the real parties in interest and that John C. Morgan was dead.

In these matters the statute providing for the publication of process upon unknown defendants and proceeding against them was disregarded. See Chapter 8465, Acts of Florida, 1921.

"The bill does not describe the nature or character of the rights, title or interest" which it is alleged the unknown defendants claim or assert and which constitutes the alleged cloud upon the complainant's title. Neither does the bill describe with sufficient certainty the deed under which it is alleged that Morgan claimed the land and which constitutes the alleged cloud upon complainant's title. It is alleged that the deed was dated March 11, 1915; that complainant claims it under a tax deed dated November 10, 1921, based upon a tax certificate July 7, 1919, issued at a sale of the land for the taxes of 1918. In its last analysis the bill was merely one to declare valid a certain tax deed.

To quiet title or to remove clouds upon title to real estate is a subject of equity jurisprudence but it was required that the owner of the legal title should be in possession of the land where the object of the bill was solely to remove a cloud on title. There were some exceptions to the rule unnecessary to mention here. See Patton v. Crumpler, 29 Fla. 573, 11 South. Rep. 225; Sloan v. Sloan, 25 Fla. 53,

5 South. Rep. 603; Haoworth v. Norris, 28 Fla. 763, 10 South. Rep. 18.

Chapter 4739, Acts of Florida, 1899, which is Section 3213, Revised General Statutes, authorizes such suits to be brought by one claiming the legal or equitable title to real estate, whether in actual possession or not, against any person or corporation not in actual possession; but the nature of the remedy is not changed and the rules of pleading applicable must be observed. The bill of complaint must contain sufficient allegations to show a cause of action. The allegations must not only show title in the complainant to the lands in controversy but it must be shown that a cloud exists before relief can be given against it. In such case not only the writing or matter which constitutes the alleged cloud must be shown but the facts must be alleged which give the claim apparent validity as well as those which show its invalidity.'' See Jewett v. Boardman, 181 Mo. 647, 81 S. W. Rep. 186; Emery v. Cochran, 82 Ill. 65; McLeod v. Lloyd, 43 Ore. 260, 71 Pac. Rep. 795, 74 Pac. Rep. 491; Welles v. Rhodes, 59 Conn. 498, 22 Atl. Rep. 286; Brickell v. Trammel, 77 Fla. 544, 82 South. Rep. 221; Houston v. McKinney, 54 Fla. 600, 45 South. Rep. 480; West Coast Lumber Co. v. Griffin, 54 Fla. 621, 45 South. Rep. 514; Hill v. DaCosta, 65 Fla. 371, 61 South. Rep. 750; Welbourn v. Pierce, 75 Fla. 667, 78 South. Rep. 929.

Chapter 8465, *supra,* provides for joining as defendants in such cases persons interested in the property whose names are unknown to complainant and for constructive service upon them; but it does not provide for joining unknown persons claiming unknown interests. Wherever unknown defendants are proceeded against in such case the nature of the interest or right claimed by them and the facts showing the apparent validity or the invalidity of

such claims must be alleged; otherwise no cause of action is shown.

There is no proceeding known to the law of this State as a bill to declare the validity of a tax deed only, as the validity of such a deed may be established incidentally by the removal of claims which constitute a cloud upon the title of the complainant holding under a tax deed.

It is also a rule of equity pleading that persons whose interests are adverse to those of the complainant should be made defendants by name where they are necessary or proper parties and their names are known. To be made defendants they must be made so by complainant in the bill and served with process, or by order of court upon their own intervention. See 21 C. J., 258; 21 C. J. 321; Gall v. Gall, 50 W. Va. 523, 40 S. E. Rep. 380.

It has been held that if one appears voluntarily and participates in the proceedings he becomes a party or he may by stipulation to that effect make himself a party and be bound by the decree. But no such situation exists in this case. The appearance of Anna M. Anders amounted merely to notice that certain persons were proper and necessary parties while the stipulation between counsel for her, George K. Brecht and Penn Trust Company, as executors of the will of Morgan, and solicitors for complainant as to filing such pleadings as they may desire constitutes no appearance and participation in the proceedings sufficient of itself to make them parties defendant.

There can be no suit without parties and where it is uncertain who are the persons called to answer the suit is fundamentally defective. It is a defect not of form but of substance. See Elmendorf v. Delancey, 1 Hopk. (N. Y.) 626.

When proper parties are not properly before the court the decree will be reversed and the cause remanded for fur-

ther proceedings. See Crickard v. Coruch's Adm'rs., **41** W. Va. 503, 23 S. E. Rep. 727.

Our conclusion is that the decree in this case is ineffectual because of defects in procedure and lack of parties to the suit. For that reason the cause is remanded with leave to the complainant to bring in the proper parties by amendment of the bill and to proceed in the cause in accordance with the views expressed in this opinion.

BROWN, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.