George A. Clark, *Appellant*, v. A. B. Johnson, *Appellee.*

Division B.

Opinion Filed March 12, 1926.

*Simmons & Tilden,* for Appellant;

*Maguire & Voorhis,* for Appellee.

BUFORD, J.—Bill of complaint was filed in the Circuit Court of Orange County to quiet title by A. B. Johnson, complainant, against respondents named as follows: "Avarilla B. Clark and ——— Clark, her husband, Wilson Phelps and ——— Phelps, his wife, and the respective heirs, devisees, grantees or other claimants under Avarilla B. Clark and ——— Clark, her husband, Wilson Phelps and ——— Phelps, his wife, and all unknown persons claiming an interest in the real property hereinafter described." The complainant alleges constructive possession of the lands described in the bill in himself, that the lands were in actual possession of no one and he held title thereto under and by virtue of a tax deed issued March 22, 1916, and recorded in Deed Book 184, Page 19, Public Records of Orange County, Florida, George A. Clark appeared, filed a demurrer to the bill and afterwards filed his answer in which he alleges that he is the sole owner of the property, that he and his brother inherited the same from Avarilla B. Clark, and that the interest of his brother has been conveyed to him. George A. Clark among other things alleges in his answer that the conveyance under which the complainant claimed title was issued, to the complainant at a time when complainant was acting as agent for the owner in the payment of taxes on the property and that said deed is a fraud upon the said respondent and is void; that it constitutes a cloud upon respondent's title and he offers by such answer to pay the said Johnson all sums which have been paid out by the said Johnson on account of taxes on the property together with interest thereon.

The probative force of the evidence shows that the lands

were solld for taxes in June, 1913, for unpaid taxes for the year of 1912, as the property of Mrs. A. B. Clark. That the complainant bought the tax certificate and afterwards on the 22nd day of March, 1916, secured a tax deed under this certificate; that at the time the lands were sold for taxes and the certificate was bought by the complainant, he was then acting as agent, for the purpose, of paying taxes, of the owner, and that he had been acting in such a capacity for some time prior thereto. That complainant took a tax deed under the certificate still recognizing himself as agent of the owner; and he states in his testimony that he took the deed for his own protection, that is, as we construe his meaning, to secure himself in the reimbursement for monies which he had paid out for taxes.

One who assumes the position as agent of the owner for the purpose of paying taxes for the owner cannot while occupying such status allow the property to sell for taxes and acquire a tax deed under a certificate of sale, so made, which will convey a valid title as against the owner or his successors in title. A deed so obtained is fraud against the owner or his successors in title.

Gamble v. Hamilton et al. 31 Fla. 401, 12 So. 299.

The evidence shows that prior to the institution of the suit George A. Clark had become sole owner of the title deraigning from Avarilla B. Clark, and that the complainant A. B. Johnson and the respondent George A. Clark are the only persons interested in the property or in the result of the suit.

It is true other persons than the appellant and appellee are named in the decree and the decree also adjudicates or attempts to adjudicate the right of all unknown parties. These facts, however, do not change the status of the parties before this Court. Parties who have no interest in the re-

sult of the suit and who have no interest in the property will not be adjudged to acquire an interest because they are made parties to and their names appear in the decree unless such decree is made in such a manner as to affect the rights of such parties.

This Court requires that, "All parties who are interested in a decree and against whom it was entered should be made parties to the appeal as necessary parties," and "Where necessary party to appeal is omitted therefrom and fails to appear, appeal will be dismissed."

Bates et ux. v. Cook et al. Florida opinion filed January 31, 1925, 103 So. 126, and cases there cited.

These decisions do not hold, however, that all parties who are interested in the decree or against whom it was entered should be made parties to the appeal and therefore it has not been required that parties against whom a decree is entered but who are not interested in the decree shall be made parties to the appeal. It is not the purpose of the Court to require those persons who may be named in a decree of Court but who have no interest in the decree and whose property rights are not involved by the decree to be made parties in an appeal taken to this court for the purpose of having adjudicated the rights of those parties who do have an interest in the decree.

The tax deed issued to the complainant in this case under which he claims title, is shown to have been acquired by him under such conditions as to preclude the same from vesting a valid title in him as against the successor in title of the person who was the owner of the property and in whose name the land was assessed at the time the tax sale was made.

It may be well to say that the Bill of Complaint when measured by the rules which obtain as to such cases is en-

tirely insufficient. In the illuminating opinion of Mr. Justice ELLIS in the case of Geo. K. Brecht et al., v. Bur-Ne Company, filed during the present term, the following enunciations, supported by ample authority there cited, are made:

"The bill does not describe the nature or character of the rights, title or interest which it is alleged the unknown defendants claim or assert and which constitute the alleged cloud upon the complainant's title. Neither does the bill describe with sufficient certainty the deed under which it is alleged that Morgan claimed the land and which constitutes the alleged cloud upon complainant's title. It is alleged that the deed was dated March 11, 1915; that complainant claims title under a tax deed dated November 10, 1921, based upon a tax certificate, dated July, 7, 1919, issued at a sale of the land for the taxes of 1918. In its last analysis the bill was merely one to declare valid a certain tax deed.

To quiet title or to remove clouds upon title to real estate is a subject of equity jurisprudence but it was required that the owner of the legal title should be in possession of the land where the object of the bill was solely to remove a cloud on title. There were some exceptions to the rule unnecessary to mention here. See Patton v. Crumpler, 29 Fla. 573, South. Rep. 225; Sloan v. Sloan, 25 Fla. 53, 5 South. Rep. 603; Haworth v. Norris, 28 Fla. 763, 10 South. Rep. 18.

Chapter 4739, Acts of Florida, 1899, which is Sec. 3212, Revised General Statutes, authorizes such suits to be brought by one claiming the legal or equitable title to real estate, whether in actual possession or not, against any person or corporation not in actual possession; but the nature of the remedy is not changed and the rules of pleading applicable must be observed. The bill of complaint must

contain sufficient allegations to show a cause of action. The allegations must not only show title in the complainant to the lands in controversy but it must be shown that a cloud exists before relief can be given against it. In such case not only the writing or matter which constitutes the alleged cloud must be shown but the facts must be alleged which give the claim apparent validity as well as those which show its invalidity.''

The decree of the Circuit Court is reversed with directions to enter an order dismissing the bill.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.