Joseph A. Alvord, *Appellant*, v. H. S. Smith, *Appellee.*

Division B.

Opinion Filed December 3, 1927.

*H. S. Glazier,* Attorney for Appellant;

No appearance for Appellee.

Buford, J.—In this case the appellee filed bill in chancery in the Circuit Court to quiet title to a certain lot of land. His deraignment of title is as follows:

"That your orator deraigns title to said land as follows: by virtue of a tax deed issued by the State of Florida by the clerk of the Circuit Court of Pasco County, dated April 8th, 1925, to J. M. Mitchell and recorded in Tax Deed Book 56, page 199, public records of said county; and by quit-claim deed from said J. M. Mitchell and wife dated April 17th, 1925, to your orator and recorded in Deed Book 59, page 229, of public records of said county conveying to him the said land."

And then alleges as follows:

"That the last person who owned said land before the same was sold for taxes was the defendant Joseph A.

Alvord, and your orator believes that the said defendant, if living, claims some interest in said lands by reason of his former ownership thereto and that if he is dead that his heirs, devisees and other persons claiming under him claim some interest therein by reason of his said former ownership. But your orator shows that the defendants and each of them was divested of all right, title and interest in and to said land by and through the tax deed aforesaid and that all the right, title and interest of said Joseph A. Alvord and those claiming under him was vested in your orator under and by the said tax deed and his quit-claim deed.

That your orator does not know and after diligent inquiry and investigation has not been able to ascertain whether the defendant Joseph A. Alvord is living or dead and if dead the names and addresses of any of his heirs, devisees or other persons claiming under him."

His prayer is as follows:

"Forasmuch, therefore, as your orator is without remedy in the premises, and to the end that the defendants and each of them may be required to make full and perfect answer to this your orator's bill of complaint, but not under oath, the answer under oath being hereby expressly waived; that your orator's title to the said land may be quieted by decree of this court and that may be adjudged in and by the said decree that the said tax deed was and is in all things due and regular and that they divested the defendants and each of them of all rights, title and interest in and to said lands and invested your orator with a fee simple title thereto; that a guardian *ad litem* may be appointed for the said unknown defendants, and that your orator may have such other and further relief in the premises as equity and good conscience may require and as to your honor may seem meet.

May it please your honor to grant unto your orator the State of Florida's order for constructive service by publication issued out of and under the seal of this honorable court, directed to the defendants and commanding them on a certain day therein to be fixed, and under penalty therein to be limited then and there to appear in this court and answer this bill and do whatever else in the premises the court may require, And, as in duty bound, your orator will ever pray.''

The bill was sworn to by the attorney and service by publication was sought to be had as prayed for in the bill.

On proof of publication of notice decree *pro confesso* was entered and thereafter upon report of special master a decree was entered on the 9th day of January quieting title in the complainant in the court below, in the following language:

''This cause came on finally to be heard this day upon the application of the solicitor for the complainant for final decree based upon the bill of complaint, decree *pro confesso* against all the defendants and the special master's report and was argued by the solicitor for the complainant, and the court being advised in the premises, it was therefore and in consideration thereof

CONSIDERED, ADJUDGED AND DECREED by the court, (1) That the equities are with the complainant and that the court has jurisdiction of the defendants and the subject matter herein; (2) That the complainant H. S. Smith is the owner in fee simple of tract number 44 of Section 19, Township 26 South, Range 16 East, in Pasco County, Florida, as per plat filed in the public records of said county by the Tampa and Tarpon Springs Land Company and recorded in Plat Book 1, page 68, and that the defendants and each of them are wholly without any right, title and interest in and to said land or any part thereof;

(3) That the tax deed dated April 8th, 1925, recorded in Tax Deed Book number 56, page 199, together with the assessment and sale of which the same was made was and is in all things due and regular and that the same divested the defendants and each of them of all right, title and interest in and to the land; (4) That the defendants and each of them be and they are hereby forever restrained from claiming or asserting any right, or title in and to said land or any part thereof adverse to the complainant and those claiming under him.

ADJUDGED, ORDERED AND DECREED in Chambers at St. Petersburg, Florida, this 9th day of January, 1926."

From this decree appeal was taken in due time.

The decree should be reversed on authority of the opinions in the following cases: Stuart v. Stephanus, decided at this term; Brecht v. Bur-ne Co., 91 Fla. 345, 108 Sou. 173; Tibbetts v, Olson, 91 Fla. 824, 108 Sou. 679; and McDaniel et al. v. McElvy et al., 91 Fla. 770, 108 Sou. 820, and it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.