MARGARET CREMIN, a feme sole, *Appellant,* vs. HARRY QUIGLEY, et al, *Appellees.*

139 So. 383.

En Banc.

Opinion filed January 29, 1932.

*Shutts & Bowen, Crate D. Bowen* and *L. S. Julian,* for Appellant;

*Evans & Mershon,* for Appellees.

TERRELL, J.—In December, 1916, a final decree was entered in that certain cause pending in the Circuit Court of Dade County, Florida, wherein C. H. Reeder was complainant and Margaret Cremin, a feme sole was defendant. The purport of said final decree was to quiet title to the lands therein described in C. H. Reeder. The instant suit was brought in the same forum to set aside the aforesaid final decree and to quiet title to the same lands in Margaret Cremin who was complainant below and is appellant in this Court.

Issues in this cause have on two former occasions been considered by this Court, Quigley vs. Cremin, —, Fla. —, 109 So. 312, and Quigley vs. Cremin on rehearing, 94 Fla. 104, 113 So. 892. On that appeal, the case was disposed of on the question of jurisdiction as to parties, this court reversing the decree of the chancellor overruling a demurrer to the bill of complaint with leave to complainant to amend within reasonable time. The bill was amended and further amended, a demurrer was sustained and on refusal to further amend the bill was dismissed. This appeal is from the order sustaining the demurrer to the bill as amended and from the order of dismissal.

It is first contended that the final decree in the suit of Reeder vs. Cremin supra should be set aside because said suit was nothing more than a proceeding to adjudicate the

validity of a tax deed, which is unknown to the law of this state, and being so, the court was without jurisdiction of the subject matter.

This question was raised on the former appeal (Quigley vs. Cremin 94 Fla. 104, 113 So. 892, supra) but was purposely left open because it could not be determined in the state of the record in that case; neither was it determined what the state of Reeder's title would be or how it would be affected if it should ultimately be determined, that the former suit was merely a suit to adjudicate the validity of a tax deed.

This court is committed to the rule, that there is no such proceeding known to the law of this state as a bill to declare the validity of a tax deed only, though the validity of such a deed may be established incidentally by the removal of claims which constitute a cloud upon the title of the complainant holding under a tax deed. Brecht vs. Bur-Ne Co., 91 Fla. 345, 108 So. 173; Alvord v. Smith, 94 Fla. 994, 114 So. 766; Clark vs. Johnson 91 Fla. 485, 107 So. 636; Izler vs. Slyke 94 Fla. 1218, 115 So. 516; Tibbetts vs. Olson 91 Fla. 824, 108 So. 679; Stuart vs. Stephanus 94 Fla. 1087, 114 So. 767; Jordan v. Baugher, 124 So. 32; Douglas vs. Dangerfield 10 Ohio 152; Gwynne vs. Niswanger 20 Ohio 556.

This rule is predicated on the doctrine that a tax title has no connection whatever with the previous chain of title and that it is a breaking up of all previous titles and the beginning of a new chain. The previous chain of title cannot help or prejudice the holder under a tax deed legally issued, it is either a valid legal title or it is a nullity; and if the latter, the aid of a court of equity cannot be invoked to correct it. Proof of one's tax title goes only to the tax deed. Black on Tax Titles, Sec. 413.

A copy of the bill of complaint in Reeder vs. Cremin Supra, has been attached as an exhibit to the amended bill in this cause. It alleges title in the lands described in the

tax deed in Margaret Cremin prior to the tax sale in 1912. It also alleges the tax sale under certificate number 571 and the issuance of the tax deed by the state of Florida to Robert Welborn and that Reeder by Mesne Conveyances deraigned his title from Robert Welborn. It is further alleged that Reeder owns the said lands in fee simple, that Margaret Cremin claims some interest in said lands adverse and hostile to Reeder's claim which is without right, is invalid and unfounded against the claim of Reeder and is a cloud on his title. It is not alleged that the claim of Margaret Cremin was asserted subsequent to the issuance of the tax deed or whether it was predicated on the previous chain of title or on some other right, neither are any of the mesne vendors made parties to the bill of complaint. Any claim asserted by Margaret Cremin prior to the tax deed or grounded on the previous chain would avail her nothing. It is shown that Margaret Cremin was an inmate of the Rhode Island State Hospital for the insane prior to and pending the suit and there is no intimation that anyone asserted a claim in her behalf. Under such circumstances, we discern nothing in the bill of complaint but an effort on the part of Reeder to adjudicate the validity of his tax deed which is unknown to the law of this state.

As against the contention of Appellant, appellees contend that the cause of Reeder vs. Cremin was in reality a suit to determine whether or not the court had the power to enter upon an inquiry into Reeder's title and to determine whether or not the claim of Margaret Cremin should be quieted and removed against the title of Reeder. It is also contended that Reeder's bill to quiet his title was authorized under Section 3213 Revised General Statutes of 1920 (Section 5005 Compiled General Laws of 1927).

The question of power or jurisdiction as to parties was settled in Quigley vs. Cremin supra. To review that question here would serve no useful purpose, nor under the conclusion we have reached in this cause does it become

necessary to discuss the question of jurisdiction as to subject matter as the effect of Reeder's tax title must be determined in the court below.

Section 3213 Revised General Statutes of 1920 (Section 5115 Compiled General Laws of 1927) as pertinent to this inquiry is as follows:

"A bill in equity may be brought and prosecuted to a final decree by any person or corporation, whether in actual possession or not, claiming title, legal or equitable, to real estate against any person or corporation not in actual possession, who has, appears to have, or claims an adverse estate, interest, or claim, legal or equitable, therein, for the purpose of determining such estate, interest or claim and quieting or removing clouds from the title to such real estate."

This statute does nothing more than to prescribe conditions under which suits may be brought to quiet title or remove clouds. It does not abrogate but is subject to the rule as here announced with reference to quieting tax titles. It is also subject to the rule announced by this court to the effect that the basis for equitable interference in the removal of a cloud from a title to real estate is that the instrument, apparently valid, but void in fact, may be vexatiously or injuriously used against the rightful owner, after the evidence to invalidate it has been lost, and the owner being in possession, can not immediately protect his rights by any legal proceeding. Brown vs. Solary, 37 Fla. 102, 19 So. 161. It may be subject to other exceptions.

A suit to quiet title may not arise from caprice or desire only, neither may it be snatched out of the elements, it must be legally predicated. In this case, Reeder, the complainant in the suit to quiet title, does not bring himself within the terms of the statute but he is clearly within the exception to the rule as here announced. His suit was predicated on a tax deed which was presumed to be good, he alleged a fee simple title in himself while the sole party defendant was shown to be an inmate of the Rhode Island

State Hospital for the insane at the time the suit was brought, had been from prior to the issuance of the tax deed, and continued to be for five years after the final judgment was entered quieting the title and no one had asserted any interest in her behalf.

It appears that Margaret Cremin was committed to the Rhode Island State Hospital for the insane December 10, 1912 and was discharged therefrom in February, 1921. The tax sale on which Reeder's tax deed was based was held in August, 1912, and his tax deed was issued January 1, 1915. Reeder's suit was instituted in March, 1916, and the final decree was entered in December, 1916. The instant suit to set aside said final decree was brought in January, 1924, almost three years after Margaret Cremin was discharged from the hospital for the insane.

As a predicate for the case at bar, appellant relies on Section 794 Revised General Statutes of 1920 (Section 1020 Compiled General Laws of 1927 later amended by Chapter 12409 Acts of 1927). When this litigation was instituted prior to the amendment of 1927 Section 794 read as follows:

"When the purchaser of land at a tax sale goes into actual possession of such land, no suit for the recovery of the possession thereof shall be brought by a former owner of claimant, his heirs or assigns, or his or their legal representatives, for the recovery of the possession of such land, unless such suit be commenced within four years after the purchaser at such tax sale, goes into possession of the land so bought; and the purchaser at such tax sale, where said real estate is in the adverse actual possession of any person or persons, shall not be entitled to recover possession of such real estate bought at such tax sale unless suit for such recovery shall be brought within one year from the date of acquiring the right to such tax title; and where any purchaser of any real estate situated in this state prior to the passage of this act has not entered into and taken actual possession of the same he shall, within one year after the passage of

this act, bring suit for the recovery of the actual possession of the real estate described in such tax title and in default thereof said tax title shall become void and of no effect: Provided, That infants, persons of unsound mind or under guardianship or imprisonment may commence suit or proceedings within three years after such disability shall cease.''

It will be noted that the purpose of this act was to fix the limitation within which suits might be brought to recover lands sold at tax sale either by the purchaser or former owner when the purchaser goes into possession. The proviso makes an exception in the case of infants, persons of unsound mind, those under guardianship or imprisonment and gives them three years after such disability shall cease to bring their suit. Section 794 was originally section 64 of Chapter 4322 Acts of 1895, it was amended by Section 61 of Chapter 5596 Acts of 1907 and was then amended by Chapter 12409 Acts of 1927. All of these amendments were material but each of them carried the proviso excepting the classes named herein in identical terms.

Appellant being of unsound mind, was within the excepted class and had three years from February, 1921, to bring her suit. It was brought in January, 1924, and was therefore within the time allowed by the statute. The bill of complaint shows that the lands covered by the tax deed were never taken into actual possession either by Reeder or Quigley and that they were vacant, unoccupied, and unimproved in July, 1922, when Appellant took possession of them and erected a substantial enclosure around them.

The appellant, Margaret Cremin, having three years from the date of her restoration to sanity to question Reeder's tax deed, any proceeding taken by him to quiet title that would have the effect of cutting off appellant's right under the statute would be void and of no effect. The

statute creates an exception for the class including appellant and no proceeding or decree can destroy it.

But appellee contends that appellant is urging nothing now that was not urged in her behalf in the suit of Reeder to quiet his title, that she was duly represented and was legally served with process and that the judgment is binding on her and those claiming under her.

We do not question the rule that an insane person may be reached by process and that the mere fact of insanity is no ground for withholding or vacating a judgment against them. 32 C. J. 789; Cain vs. Milburn, 192 Iowa 705, 185 N. W. 478, 32 C. J. 790; Titcomb vs. Vantyle, 84 Ill. 371; Woods vs. Brown, 93 Ind. 164, 47 Am. R. 369; Spurlock vs. Noe, 19 Ky. L. 1321, 43 S. W. 231, 39 L. R. A. 775 and note, neither is insanity alone a ground per se for relief in equity against a judgment at law. 32 C. J. 791 and cases cited.

Section 3115 Revised General Statutes of 1920 (Section 4900 Compiled General Laws of 1927) provides for services by publication on non resident infants. In Quigley vs. Cremin, supra, the provisions of this act were extended to persons non compos mentis, but this fact would not destroy the protection provided for Appellant in the proviso to section 794, supra, under which she had three years after February, 1921, to challenge Reeder's tax deed. Any service on her during this time with the view of depriving her of this right was a nullity.

It follows that the judgment below should be and is hereby reversed with directions to reinstate the bill of complaint and enter an order overruling the demurrer thereto.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.