MARY L. MOODY ET AL., APPELLANTS, VS. JOHN HAMILTON, APPELLEE.

The County Court made an order confirming a sale of land and directing the commissioner to make a deed of conveyance to the purchaser upon her paying the purchase money. On February 7th, 1876, soon after such order, the commissioner executed an instrument to her which was deficient as a deed from having no seal affixed to it. On April 9th, 1885, the commissioner executed to her a deed bearing the former date, and in the acknowledgement of it for record stated it was executed on the latter day. In an action of ejectment brought by her in the Circuit Court against a third party to recover the land, the petition and other proceedings of sale down to and inclusive of the order confirming the sale, were read in evidence. The deed was then offered in evidence and was objected to because of the erroneous date in the introductory part thereof and as having been made without authority ; and it was excluded by the court. No default or laches upon the part of the purchaser in paying the purchase money, nor any fraud, nor any suspension of said order was shown: *Held*, To be error, and that the erroneous date did not invalidate the deed, nor did the execution of the imperfect instrument, and the lapse of time, abrogate the commissioner's authority under the order to execute a perfect deed.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*Geo. Wheaton Deans* for Appellants.

*C. P. & J. C. Cooper* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court.

This is an appeal from a judgment of *non suit*, the plaintiffs, who are appellants, having reserved the points deci-

ded against them and taken their bill of exceptions under the act of 1885, chapter 3583.

It is an action of ejectment brought by Mrs. Moody and her husband against the appellee, to recover lots four and five, in fractional section 29, T. 3, S., R. 27, E., situated in Duval county. The plea is the general issue. Upon the trial the appellants offered in evidence duly certified copies of a petition of William Curry, administrator of the estate of Moses Curry, deceased, filed in the County Court of said county, and alleging the insolvency of the estate, and the exhaustion of personal assets, and that the said lots and other lands in Duval county belonged to the estate of the intestate, and praying an order of sale for the payment of his debts, of which a list is appended to the petition; and of an order made on the 7th day of December, 1875, by the County Court, decreeing the lands described in the petition be sold for cash. This order appoints F. F. L'Engle a commissioner to make the sale. Appellants also offered a copy of the report of said commissioner, in which he reports to the court that after giving due notice he sold the lands at public outcry to Mrs. Moody, on the third day of January, 1876, for a sum stated in the report, she being the highest bidder, and a copy of an order of the County Court made on the 7th day of February, 1876, confirming the sale and directing the commissioner to execute a deed of conveyance of said lands and deliver the same to the purchaser, upon her complying with the terms of sale. There was no objection made to any of these papers or the form or sufficiency of the proceedings they represent, and they were read in evidence.

The appellants then offered in evidence a deed of conveyance from the said commissioner to Mrs. Moody of the lands sold by him. This deed, in its introduction, purports to have been " made this seventh day of February," A. D.

1876. It is witnessed by Clara L'Engle and Porcher L'Engle; annexed to it is an acknowledgment made by F. F. L'Engle, before said Porcher L'Engle, a Notary Public, that " he executed the above indenture on this 9th day of April, 1885," and immediately below is a certificate by the Clerk of the Circuit Court of Duval county of his having recorded the deed on the 10th day of April, 1885.

There is in the bill of exceptions an agreement in the cause and signed by counsel for the respective parties, of the following purport : " It is agreed by the parties hereto between attorneys, that the deed of Francis F. L'Engle, commissioner, to Mary L. Moody, offered in evidence was duly executed by Francis F. L'Engle, but that it was, in point of fact, executed on the 9th day of April, 1885. It is further admitted that on the 7th day of February, 1876, a paper purporting to be a deed without a seal was made by said L'Engle to Mary L. Moody of the property in question."

The introduction of this deed was objected to on the ground that it contains a false recital, in that it is dated and purports to be executed on the 7th day of February, 1876, whereas it was executed on the 9th day of April, 1885 ; and on the further ground that the commissioner had, on the 7th day of February, 1876, executed the paper referred to in the above agreement purporting to be a deed to the same land, but without any seal, and no authority to execute the deed now offered in evidence is shown.

There is no pretence that there was any fraud in the execution of this deed ; the agreement of counsel would preclude any such pretence, and moreover, Mr. L'Engle's acknowledgment of the deed is inconsistent with any idea that he even intended it should be understood that it was in fact executed in February, 1876. Reading the agreement in connection with the deed, it is a natural conclusion

that the commissioner thought that Mrs. Moody was entitled to a deed of the same date as the paper of February 7th, 1876, which was intended as a deed, and on which day, judging from the facts disclosed, she was entitled to a perfect conveyance.

The fact that a deed contains an incorrect date does not vitiate it. The presumption, it is true, is that the deed was delivered and took effect on the day of its date, if there is nothing offered to control this, but it is always competent to show that the date inserted in it is not the real date of its delivery. It does not appear in the case at bar that this deed was offered without something to control the presumption flowing from the date in its introduction. The paper was offered as an entirety and the acknowledgment overcomes the presumption alluded to. It is immaterial whether a deed has any date and an impossible date would not vitiate it. 3 Wash. Real Prop., p. 282, §19.

We are unable to perceive any substantial reason why, upon the facts appearing in this record, the deed of April, 1885, should not have been admitted in evidence. The record shows an order that the commissioner should make Mrs. Moody a deed upon her paying the purchase money, and that such order as to making the deed has never been complied with by the commissioner. It is not pretended either that she had not paid the purchase money, the only condition to be performed by her before she was entitled to a deed under the order. The absence of a seal from the attempted deed of February is the only alleged defect which deprived that paper of the status of the legal deed. The presumption arising from the execution of that paper, is that she had paid the purchase money before it was made, and if the want of a seal was its sole defect then it recited that she had in fact paid the money.

There is no assertion of any laches or default on her part, and it is not a case in which the question is one of a failure upon her part to comply with the sale, and a consequent abandonment of it by her. The attempt of February 7th, 1876, by the commissioner to carry out the order, fell short of a compliance with it, as the instrument he executed was not a *deed*, and the order, until obeyed, viewed in the light of this record, stood in full force and effect, and Mrs. Moody was entitled to a deed and to have the order obeyed, and it was Mr. L'Engle's duty, as commissioner, to obey it, so far as this record discloses, without further order. There is nothing to show that he is not still such commissioner, or that the order is not still in force, or that any action has been taken by the court to qualify its effect, or anything done by any one to make further action of the County Court necessary, or of any more force than this order was. The case disclosed by the record is simply, that on February 7, 1876, the order had been complied with up to but exclusive of the point of the commissioner making a perfect deed, and that on April 9, 1885, he still remained in default, but on that day complied with it by making a deed. The mere lapse of a little over nine years did not bar or nullify the order, nor did such lapse of time have anything added to its own effect by the ineffectual attempt upon the part Mr. L'Engle, in February, 1875, at making a deed, or the further fact that he intended to put a seal to that instrument, or believed he had done so.

The Circuit Judge erred, we think, in excluding the deed, and the judgment is reversed and the cause remanded for a new trial.