D. S. LOVETT v. R. F. SHORE, et. al.
*Two Cases.*

139 So. 194, 195.
149 So. 603.
Division B.
Opinion Filed December 21, 1931.
Opinion on Rehearing Filed August 2, 1933.

*W. B. Davis,* of Perry, for Plaintiff in Error;

*R. H. Rowe,* of Madison, and *Branch & Snow,* of Quitman, Georgia, for Defendants in Error.

Davis, J.—The judgment in this case refusing to stay execution in an ejectment suit wherein a tax deed was adjudged void, until the judgment plaintiff paid the amounts

due the holder of such deed, as required by law, must be affirmed on the authority of San Sebastian Development Corporation v. R. O. Couch, decided at the present term, opinion filed November 24, 1931.

Section 1026 C. G. L., 795 R. G. S., was in that case held to create a lien against the land covered by a tax deed only when it had been declared void in a suit either at law or in equity. Such lien was further held to be enforceable by an independent suit brought after the judgment or decree voiding the tax deed.

By such *independent* suit, not in the ejectment suit involving the validity of the tax deed, the holder of the tax deed which is invalidated, should assert his claim and establish his proofs as to expense for obtaining the deed and recoverable value of improvements, these items being required to be "ascertained and found upon the trial" of such independent suit, not the ejectment suit which merely involves the validity of the tax deed.

By allowing a lien for expenses and improvements, which is authorized to be foreclosed in equity, the statute contemplates that in ascertaining and finding the amount of this lien upon the trial of the equity suit, the court shall proceed according to equitable principles. This in turn means that the Court shall ascertain and decree to be paid the amount of expenses which the tax-deed holder has incurred in obtaining the void tax deed and such other amounts in addition thereto as will represent the fair cash *value* of all *permanent* improvements which the tax-deed holder has made upon the land during the life of the void tax deed.

While under the statute, the holder of the void tax deed acquires a lien against the land covered by it for the value of all permanent improvements he may have *made* on the

land while his tax deed remained unchallenged, yet such lien is in the nature of an equitable lien created by law to do justice between the parties and requires the land owner to pay for *permanent* improvements only, which have added to the value of the property by being made on it while the void tax deed was undisturbed. This fair cash value is the fair cash value of the improvements *to the land,* not the fair cash value of such improvements *per se,* and the amount of same is in every case to be ascertained and found by the Court.

Judgment affirmed.

Whitfield, P. J., and Terrell, J., concur.

Buford, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.

Per Curiam.—The judgment of the Circuit Court in this case refusing to stay execution under Section 4516 C. G. L., 2829 R. G. S., in an ejectment suit where plaintiff had a recovery of lands held by the defendant under a void tax deed should be affirmed upon the authority of San Sebastian Development Corporation v. Couch, decided at the present term of Court, opinion filed November 24, 1931; also upon the authority of Lovett v. Shore, a companion case to this one, decided this day.

The adjudication in the final judgment of ejectment in this case of an amount to be recovered by defendant against the plaintiff, for costs and expenses of procuring the tax deed, and for the value of improvements for which defendant is entitled to recover under Section 1026 C. G. L., 795 R. G. S., may be made the basis of an independent suit in equity under the last mentioned Section, as pointed out in San Sebastain Development Corp. v. Couch, *supra.*

Affirmed.

Whitfield, P. J., and Terrell and Davis, J. J., concur.

BUFORD, C. J., and ELLIS, and BROWN, J. J., concur in the opinion and judgment.

*Waller & Pepper,* for Plaintiffs in Error;

*Fleming & Snow* and *R. H. Rowe,* for Defendants in Error.

PER CURIAM.—These cases were cases at law wherein judgments in ejectment were recovered by the original owners of lands, against parties who had gone into possession of said lands under void tax deeds. The writs of error are from the judgments entered by the Circuit Court in the ejectment cases refusing to stay the executions on the ejectment judgments, until the successful plaintiffs below had first paid to the unsuccessful tax-deed holders, the amounts of their recoveries determined at the trials under Section 1026 C. G. L., 795 R. G. S., which reads as follows:

"If in any suit at law or in equity involving the validity of any tax deed it shall be held by the court that said tax deed was invalid at the time of its issuance and that title to the lands therein described did not vest in the tax deed holder, then, if the taxes for which said land was sold and upon which said tax deed was issued had not been paid prior to issuance of such deed, the party in whose favor the judgment or decree in such suit shall be entered, shall pay to the party against whom such judgment or decree shall be entered the amount paid for such tax deed and all taxes paid upon said land, together with twenty-five per cent interest thereon for the first year and eight per cent interest thereon for the time after the first year and all legal expenses in obtaining said tax deed, including publication of notice and

clerk's fees for issuing and recording such tax deed, also the fair cash value of all permanent improvements made upon said land by the holder during the life of said tax deed. The amount of such expenses and the fair cash value of improvements, as aforesaid, shall be ascertained and found upon the trial of the suit, and for which such tax deed holder shall have a prior lien upon said land for the payment of said sums of money in full. (Ch. 4322, Acts 1895, Sec. 64; Ch. 5596, Acts 1907, Sec. 61; Ch. 12409, Acts 1927, Sec. 3)."

On rehearings granted as to our former holdings in these cases (see foregoing opinions,—139 Sou. Rep. 194-195), it is contended that the rule stated in San Sebastian Development Corp. v. Couch, 103 Fla. 692, 138 Sou. Rep. 61, should not have been held applicable to cases like these, which are cases at law in ejectment wherein the defendants in ejectment have prayed for, and have had actually adjudged to them in the same suit, the amounts they are entitled to recover against the successful ejectment plaintiffs, under Section 1026 C. G. L., *supra.*

A reconsideration of these two cases, which we treat together in this one opinion on rehearing, because of their identical character in so far as this point is concerned, has convinced us that principle stated in San Sebastian Development Corp. v. Couch, *supra, authorizing* a separate suit in equity to enforce the lien given by Section 1026 C. G. L., *supra,* where no amount has been either sought or adjudicated in the ejectment or other suit, wherein the tax deed is adjudged void, should not be held to control a case like this, wherein the amounts of the enforceable liens have been already judicially determined in the law cases, the enforcement of the payment of same thereafter being sought by means of orders staying execution against suc-

cessful ejectment plaintiffs' recovery of possession, until the adjudicated amounts have been paid by them, as the responsible parties liable for same.

We therefore hold on rehearing that the judgments appealed from in these two cases should be reversed, and the causes remanded to the circuit court, with directions to stay the executions as prayed, until payment of the plaintiffs in ejectment, of the adjudicated amounts allowed to defendants in ejectment against whom possession of the land has been recovered in the ejectment suits because of the insufficient tax deeds relied upon at the trial as a basis for defendants' right to possession as against the original owners.

Reversed on rehearing, with directions.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.