THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a corporation, *et al.*, v. AL GORDY.

176 So. 860.
Division A.
Opinion Filed November 4, 1937.
Rehearing Denied November 27, 1937.

*Alto Adams* and *D. C. Smith,* for Appellants;
*Vocelle & Mitchell,* for Appellee.

BUFORD, J.—The appeal brings for review decree awarding foreclosure of a tax deed under the provisions of Chapter 14572, Acts of 1929, after decree *pro confesso* had been entered and remained standing against each and every of the defendants. Decree *pro confesso* does not preclude defendant in a chancery cause having a final decree reviewed and corrected as to errors apparent on the face of the record. Kissimmee Everglades Land Co. v. Carr, 88 Fla. 387, 102 Sou. 335; Smith & Armistead v. Croom, *et al.,* 7 Fla. 81.

Appellant presents three questions for our consideration, as follows:

"1. Can the holder of a tax deed issued for non-payment of State and county taxes, who after obtaining the tax deed elects to go upon the property covered by such deed and make improvements thereon, more than a year after taking such possession and making such improvements, bring a suit to foreclose the tax deed?"

"2. In a suit brought to foreclose a tax deed for non-payment of State and county taxes, can the complainant recover the fair cash value of permanent improvements made by him upon the land covered by such deed?"

"3. Should a court of equity decree the foreclosure of a State and county tax deed, when it appears that the holder thereof failed to pay to the clerk the face amount of the certificate upon which said deed is based, together with statutory interest and fees, but rather paid therefor a less amount computed on the basis of a subsequently lowered 'less valuation?' "

The 1st and 3rd questions must be determined adversely to appellants' contention.

The only theory upon which a tax deed could be held to be the basis for a lien in this State is found in the provisions of Chapter 14572, *supra.* In all cases in which that Act was or is applicable the holder of a tax deed may rest upon it as a muniment of title and stand or fall upon its sufficiency as such, or he may elect to treat it as the basis of a lien as a continuation of the lien evidenced by its antecedent tax certificate.

· He will not be estopped to treat the tax deed as the evidence of a lien only, unless his conduct toward pursuing a contrary course has injured the opposite party, or the rights of parties have been materially affected to the advantage of one or to the disadvantage of the other. Williams, *et ux.,* v. Robineau, *et al.,* 124 Fla. 422, 168 Sou. 644.

It, therefore, follows that while one may have upon acquiring a tax deed prior to the repeal of Chapter 14572, *supra,* entered peacefully upon the lands described in such tax deed and improved the lands, he could not by that conduct acquire any advantage over the original title holder which would operate against such title holder if and when the tax deed holder elects to treat the tax deed as the evidence of a lien and attempts to foreclose such lien. Estoppel must be pleaded to effectuate an abatement of the suit. It was not pleaded in this case. This disposes of the first question.

The third question is definitely answered in the opinions and judgments in the cases of Capital Finance Corporation v. Giles, 111 Fla. 527, 149 Sou. 585, and Patterson v. Crenshaw, 110 Fla. 310, 148 Sou. 543, and cases there cited in which it was held:

"Assignee could foreclose tax sale certificate, issued to State, for face value thereof together with subsequent taxes paid by assignee, notwithstanding assignee obtained certificate for less than face value."

We must agree with the contention of the appellant as presented under the second question, *supra.*

The holder of a tax deed treating the same as evidence of a lien and instituting a suit to foreclose the lien evidenced thereby elects to treat the deed as of no greater dignity than was the tax sale certificate under which it issued and can only do that by reason of the statute authorizing such course. In such case such holder may only recover decree for the amount of the certificate, penalties and cost and such other items reimbursement of which is allowed by statute. See Boles v. Dade County Croppers, Inc., 114 Fla. 868, 154 Sou. 848.

In such suits defendant-owner is entitled to have tax deed canceled on payment of the amount due under items allowed by statute and the complainant will be deemed to have waived such lien as he might have been in position to claim in some other sort of suit under the provisions of Sec. 1026 C. G. L. (795 R. G. S.), but the lien provided by this section is purely statutory and for one to become entitled to such lien he must become so by the strict observance of and within the terms of the statute. See Lovett v. Shore, *et al.,* 111 Fla. 592, 139 Sou. 194, and authorities therein cited.

By the institution of this suit the tax deed holder elected to stand on his tax deed as the evidence of a lien and he is bound by that election and is also bound to let the party who was the fee owner at the date of the assessment, or one claiming under such owner, redeem by the payment of the sum which such owner, or one claiming under him, would have been required to pay to redeem, had the suit

been based on the antecedent tax certificate instead of on the tax deed issued upon such tax certificate.

So the decree is reversed and the cause remanded, with directions that a decree be entered not inconsistent with the views herein expressed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.