J. W. TOWNSEND, *et al.,* v. MARIE M. BECK.

192 So. 390
Division A
Opinion Filed June 13, 1939
Supplemental Opinion November 28, 1939

*Knight & Knight,* for Appellants;

*D. R. Smith,* for Appellee.

BUFORD, J.—The appeal brings for review an order overruling motion to dismiss bill of complaint and also an order striking portions of defendant's answer.

The suit was instituted on the 21st day of April, 1938, in the Circuit Court of Marion County, Florida, to foreclose the lien of a tax deed, which tax deed was issued on the 29th day of October, 1935.

The suit is predicated under the provisions of Chapter 14572, Acts of 1929. Except for the provisions of that chapter a tax deed was considered and held a muniment of title and not the evidence of a lien. The status of a tax deed as the evidence of a lien and the power to foreclose the same was found in Chapter 14572 and not elsewhere, and a foreclosure of·a lien so evidenced was specifically authorized by Section 13 of the 1929 Act, *supra.*

Chapter 17442, Acts of 1935, repealed all the provisions of Chapter 14572 under which a tax deed could be held as the evidence of a lien and foreclosed in equity. That Chap-

ter became effective upon its approval by the Governor on May 21, 1935, which was prior to the issuance of the tax deed involved in this case.

It, therefore, follows that when the holder of a tax certificate elected to procure a tax deed based on certificates which evidenced a lien foreclosable in a court of chancery under its general equity jurisdiction to foreclose liens, he abandoned his right of election to foreclose the lien and elected to take a new and independent title subject to the control of the law as it existed at the time of the issuance of the tax deed.

So it is, the complainant had no standing in a court of equity to maintain the suit and same should have been dismissed.

For the reasons stated, the order appealed from is reversed with directions that the cause be dismissed.

So ordered.

Terrell, C. J., and Thomas, J., concur.

Whitfield, J., concurs in opinion and judgment.

Justices Brown and Chapman not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

Buford, J.—The Court has *sua sponte* recalled the mandate issued pursuant to our opinion filed herein on June 13, 1939, because it may appear to the Bench and Bar that in using the language, viz.: "The suit is predicated under the provision of Chapter 14572, Acts of 1929. Except for the provisions of that chapter a tax deed was considered and held a muniment of title and not the evidence of a lien. The status of a tax deed is the evidence of a lien and the power to foreclose the same was found in Chapter 14572 and not elsewhere, and a foreclosure of a lien so evidenced was specifically authorized by Section 13 of the 1929 Act,

*supra.* Chapter 17442, Acts of 1935, repealed all the provisions of Chapter 14572 under which a tax deed could be held as the evidence of a lien and foreclosed in equity. That Chapter became effective upon its approval by the Governor on May 21, 1935, which was prior to the issuance of the tax deed involved in this case,"—the Court may have overlooked the provisions of paragraph 2 of Section 794 R. G. S., as amended by Chapter 12409, Acts of 1927, being brought forward as Section 1020, C. G. L.

Subseqent to such order we requested counsel to submit briefs on the question of the constitutionality of the statute, *supra.* The same have been filed and considered.

This statutory provision was not overlooked but has been disregarded by this Court because the provision, "Any holder of a tax deed or of a tax certificate shall have a lien thereunder for the amount paid therefor upon the land described therein and such lien may be enforced and foreclosed in suit in equity as provided by law for the enforcement of statutory liens,"—as contained in the 1927 Act was not within the purview of the title of the Act. The title of that Act is:

"An Act to amend Sections 777, 794 and 795 of the Revised General Statutes of Florida, Relating to Notice of Application for Tax Deed, Manner of Obtaining Tax Deed, Limitation of Time in which Suit may be Brought, and Refunding of Taxes and Other Expenses Where Land is Recovered from Tax Deed Holder."

Section 794 R. G. S. is as follows:

"Limitation of Time in which Suits May Be Brought to Recover Land in Actual Possession of Purchaser, etc.— When the purchaser of land at a tax sale goes into actual possession of such land, no suit for the recovery of the possession thereof shall be brought by a former owner or claimant, his heirs or assigns, or his or their legal repre-

sentatives for the recovery of the possession of such land, unless such suit be commenced within four years after the purchaser at such tax sale, goes into possession of the land so bought; and the purchaser at such tax sale where said real estate is in the adverse actual possession of any person or persons, shall not be entitled to recover possession of such real estate bought at such tax sale unless suit for such recovery shall be brought within one year from the date of acquiring the right to such tax title; and where any purchaser of any real estate situated in this State prior to the passage of this Act has not entered into and taken actual possession of the same he shall, within one year· after the passage of this Act, bring suit for the recovery of the actual possession of the real estate described in such tax title, and in default thereof said tax title shall become void and of no effect: Provided, that infants, persons of unsound mind or under guardianship or imprisonment may commence suit or proceedings within three years after such disability shall cease."

That section of the statute was one providing for limitation of time in which suits may be brought to recover land in actual possession of the purchasers, etc.,—and had no reference to the foreclosure of tax liens.

The provision contained in the 1927 Act attempting to establish a tax deed as the evidence of a lien and to provide for a foreclosure in equity of such a lien was a departure from statutory provisions theretofore existing in regard to the force and effect of tax deed and the title to the Act was insufficient to give notice of the intent of such legislation. Carr v. Thomas, 18 Fla. 736.

In Stuart v. Stephanus, *et al.,* 94 Fla. 1087, 114 Sou. 767, we said:

"If, however, the tax deed and antecedent proceedings

are valid and regular, then from the time of the delivery of the deed the grantee is clothed not merely with the title of the person who was last seized of the fee, but with a new, complete, exclusive and paramount title in a new right under an independent sovereign authority. The tax title thus created has nothing to do with the previously existing chain of record title, nor does it in any way connect itself with it. The issuance of a valid tax deed extinguishes or terminates by operation of law all prior existing titles resting in private ownership and all equities arising out of them. Such former titles are no longer operative. In this respect there is no analogy between a tax title and an ordinary chain of record title."

And in that case we further said:

"If complainant's tax deed is valid, the former record title is extinguished and terminated by operation of law. It therefore constitutes no cloud, either actual or apparent upon complainant's tax title, which fact appears from the public records themselves, without the aid of a decree in equity. If, on the other hand, complainant's tax deed is not valid, he is not entitled to relief against the existing record title, as the latter title continues to exist in the record owner notwithstanding the invalid tax deed. The matter therefore resolves itself into the sole question of whether or not complainant's tax deed is valid. As was said in Brecht v. Burne Co., 108 South. Rep. 173, there is now no proceeding known to the law of this State as a bill to declare the validity of a tax deed only, as the validity of such a deed may be established incidentally by the removal of claims which constitute a cloud upon the title of the complainant holding under a tax deed. The facts alleged in this bill of complaint, however, do not fall within the latter category. See also Alvord v. Smith, decided at this term." See also Dean v. Kane, 106 Fla. 814, 143 Sou. 656.

Of course, if the tax deed is void or ineffectual to convey title, then it would not constitute a muniment of title, nor would it have any other status except that of a void deed, and, being void, the holder of the deed would be in the same position as if no deed had been issued and could resort to foreclosure of his tax certificate.

A tax deed constitutes a valid muniment of title, or it is a nullity. Cremin v. Quigley, 104 Fla. 133, 139 Sou. 383.

It is true that the question of the constitutionality of the statute, *supra,* was not presented in the court below, but as the complainant in the court below could not have the relief sought, except under the provisions of that statute, equity should not grant such relief, if the statute is clearly unconstitutional, and, therefore, void.

For the reasons stated, our judgment of June 13, 1939, is re-affirmed and adhered to.

So ordered.

WHITFIELD and BROWN, J. J., concur.

CHAPMAN and THOMAS, J. J., dissent.

Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.