GERTRUDE ALL DOUGLASS, *et vir,* v. TAX EQUITIES,
INCORPORATED

198 So. 5
En Banc
(For Later Opinion See Page 801 of this Report)
Opinion Filed October 4, 1940

*Edward K. Goethe,* for Appellants;

*George B. Carter,* for Appellee.

BROWN, J.—This appeal brings for review final decree on amended bill and answer, finding in favor of plaintiff.

The final decree appealed from was rendered on March 18, 1939, and adjudged and decreed that plaintiff is entitled to foreclose anew its tax deed "as at paramount lien" against defendants upon said land; that there is due plaintiff

for principal and interest on account of its tax deed being foreclosed herein the sum of $136.01, for a reasonable solicitor's fee the sum of $37.50, and for costs $6.40; that if these sums be not paid to plaintiff within ten days the property shall be sold, and out of the proceeds the special Master shall pay (1) the costs of this proceeding, including the master's fees, commissions and expenses, and the fee for plaintiff's solicitor, and (2) the amounts decreed to be due plaintiff; that after said sums have been paid, if there remain any surplus, it shall be paid to plaintiff's solicitor. The court retained jurisdiction over the cause to settle all questions not disposed of by the final decree.

Plaintiff, Tax Equities Incorporated, on January 30, 1937, filed its amended bill of complaint against Gertrude All Douglass and John W. Douglass, her husband, praying that plaintiff be decreed to be the owner of the property in question as against defendants, or in the alternative that plaintiff's lien under its tax deed thereto be foreclosed in accordance with Chapter 14572, Acts of 1929, and for other supplementary relief.

Defendants' answer was filed thereto, and upon plaintiff's motion, hearing was had on amended bill and answer, after which the final decree above was entered.

Plaintiff may within ten days after the filing of the answer or within such further time as the court may allow move for a decree on bill and answer. Sec. 40 of the 1931 Chancery Act, being Sec. 4902 (21) C. G. L. Perm. Supp.

The first and second paragraphs of the amended bill alleged that on December 21, 1934, the clerk of the Circuit Court for Orange County, by virtue of the authority vested in him by law, issued to plaintiff a tax deed, after plaintiff had produced and surrendered Tax Certificate No. 5741 for unpaid taxes for 1931, conveying to plaintiff the property in question, for the sum of $48.33; that prior to in-

stitution of this suit plaintiff paid all subsequent omitted taxes, interest and penalties, assessed by the State and county against said property as shown by clerk's certificate of search for which plaintiff paid fifty cents; and that the amount required to redeem same, including all omitted subsequent taxes and interest is $117.21. The answer admitted all these allegations.

The third paragraph of the amended bill alleged that defendant Gertrude All Douglass claims title to said property because of a purported warranty deed executed to her on July 16, 1925, by Manitoba Mortgage & Investment Co., a corporation organized under the law of Great Britain, but that said purported deed is of no effect as a conveyance because it does not have the seal of the grantor corporation affixed thereto, nor is it sealed by the attorney in fact purported to execute it in grantor's behalf. The answer admitted that defendant claimed said property by reason of said warranty deed, and admitted that said deed does not have the seal of said corporation or of its attorney in fact purporting to execute it; but averred that at the time of execution of said deed defendant was put into actual possession of said land and paid the grantor the entire purchase price thereof, and by reason thereof became the equitable owner of said land, and ever since has been, and still is the equitable owner thereof.

These averments of the answer must be taken as true. It is true that a deed which is not under seal does not convey an estate of inheritance( Hart v. Bostwick, 14 Fla. 162, but a deed of this character given under these circumstances does entitle the grantee therein to some equitable interest or estate in the property. See Scott v. Jenkins, 46 Fla. 518, 35 So. 101.

The fourth and fifth paragraphs of the amended bill alleged that defendants Gertrude All Douglass and John W.

Dougless, her husband, claim some interest in or title to said property by reason of a quit claim deed to them from Frank Romano and wife, dated December 1, 1925; that plaintiff has agreed to pay his solicitor herein $25.00 plus 10 per cent of the amount found to be due plaintiff and fixed by the court. The answer admitted all these allegations.

The sixth paragraph of the amended bill alleged that on March 12, 1935, plaintiff instituted suit against these defendants and a number of other defendants to foreclose said "tax certificates;" that final decree was entered against all defendants, but service against Gertrude All Douglass was defective because the sheriff attempted to serve her with process by serving a copy of the summons in chancery on John W. Douglass, as her husband, at a place other than her usual place of abode; that the instant foreclosure suit is brought to foreclose Gertrude All Douglass of any right, title or interest she might claim in and to said property; that said defendant has no right, title or interest in or to said property; that a tax deed acquired by Alexander Harrop conveying said property terminated the title of John W. Douglass and Gertrude All Douglass; that plaintiff was the purchaser of said property at the master's sale in the first foreclosure suit, and in the event of the sale of said property in this suit, plaintiff would be entitled to all proceeds arising from the sale thereof; that on November 30, 1938, special master's report was filed in the first foreclosure suit, the order of confirmation was entered, and the master's deed was delivered to purchaser. The answer denied that Gertrude All Douglass has no right, title or interest in or to said property; denied that the tax deed acquired by Alexander Harrop terminated the title of John W. Douglass and Gertrude All Douglass; admitted that plaintiff was the purchaser of said property at the master's sale in the first foreclosure, but that plaintiff by subsequently instituting this

suit to re-foreclose said tax deed upon which said final decree and special master's sale were predicated, irrevocably elected to treat its purchase of said property at said master's sale as an assignment of said tax deed and the lien created thereby, and these defendants became entitled to redeem said lands described in said tax deed from the lien thereof, and by so doing to acquire all right, title and interest of plaintiff in said lands.

Paragraph 6½ of the amended bill alleged that on October 21, 1929, the clerk of the circuit court issued to Alexander Harrop a tax deed conveying said property; that on April 31, 1933, Alexander Harrop, a single man, conveyed said property to First National Bank of East Liverpool, Ohio, as trustee for the estate of Edwin H. Riggs, deceased; that the latter was made a party defendant in the prior foreclosure, and filed an answer setting forth its claim as owner of the fee simple title to said property, subject to the tax lien of plaintiff therein, and claimed a right to any surplus that might exist after payment of expenses of the suit and the sum due plaintiff, that by being the purchaser of said property at said foreclosure sale, plaintiff herein acquired title to said property of First National Bank of East Liverpool, Ohio, as trustee for the estate of Edwin H. Riggs, deceased, and is entitled to any surplus that might exist in this suit; that defendants have some right, title or interest in said lands adverse to plaintiff herein, and plaintiff is entitled to a decree quieting its title against the adverse claims of defendants. The answer in reply averred that Gertrude All Douglass was not served with process in the prior foreclosure, nor did she nor anyone for her enter her appearance or take any part in said suit or in anywise consent to, agree to or ratify said final decree, which is in no wise binding on her; that plaintiff by institution of the present suit to foreclose the lien of said tax deed irrevo-

cably elect to treat itself as the assignee of said tax deed and the lien evidenced and secured thereby and to treat defendant Gertrude All Douglass as the equitable owner of said land, with the right to redeem therefrom in the manner provided by law, and by reason thereof plaintiff is estopped to claim title to said property as against defendant Gertrude All Douglass, or both defendants.

The answer further averred that on January 24, 1939, there was due plaintiff on account of said tax deed only $189.06; that on said date defendants, by their solicitor, presented plaintiff's solicitor a form of special warranty deed for plaintiff to Gertrude All Douglass, describing said property, and at the same time tendered to plaintiff's solicitor the sum of $190.00, and requested him to accept it in full payment of the amounts due plaintiff on account of said tax deed, interest and costs of suit, and requested plaintiff to execute and deliver to defendant the special warranty deed, but plaintiff's attorney refused to have plaintiff execute said warranty deed and refused to accept the $190.00 tendered; that thereupon defendants deposited said $190.00 and said warranty deed with the clerk of the circuit court.

Paragraph 6½ of the amended bill alleged that on *April 31, 1933*, Alexander Harrop, a single man, conveyed said property to the First National Bank of East Liverpool, Ohio, as trustee for the estate of Edwin H. Riggs, deceased. This is an impossible date as April only has thirty days. It has been held that a deed takes effect from the date of delivery and is good without a date or with an impossible date, where the real date the deed was given or delivered can be proved. 18 C. J. 187, Sec. 75; Moody v. Hamilton, 22 Fla. 298; 1 Devlin on Deeds (2nd ed.) 198, Sec. 177. Since the date is not an essential part of the deed, the allegation of the date may be disregarded.

The amended bill alleged that Alexander Harrop acquired a tax deed to said property, and conveyed it to another, whose rights were foreclosed in the prior foreclosure proceeding. The answer denied that the tax deed acquired by Alexander Harrop conveying said property terminated the title of John W. Douglass and Gertrude All Douglass. It further averred that plaintiff, by electing to institute this proceeding, irrevocably elected to treat itself as the assignee of said tax deed and the lien evidenced and secured thereby and plaintiff is estopped to claim title as against defendant.

Plaintiff in attempting to foreclose its tax deed in the prior foreclosure proceeding may be said to have regarded it as a lien only. In the case of Lincoln National Life Insurance Co. v. Gordy, 129 Fla. 792, 176 So. 860, we said:

"The holder of a tax deed treating the same as the evidence of a lien and instituting a suit to foreclose the lien evidenced thereby elects to treat the deed as of no greater dignity than was the tax sale certificate under which it issued, and can only do that by reason of the statute (Chapter 14572) authorizing such course. In such case, such holder may only recover decree for the amount of the certificate, penalties, and cost, and such other items reimbursement of which is allowed by statute. See Bolles v. Dade County Croppers, Inc. 114 Fla. 868, 154 So. 848."

By its conduct in attempting to re-foreclose the said tax deed against the defendant, not made a party to the prior foreclosure, plaintiff reaffirmed its original intention of treating the tax deed as the evidence of the lien of the tax certificate on which it was based. In fact, it is only upon this basis that plaintiff had any right to proceed in this case, as against these defendants. At the time this bill was filed and decree rendered herein, there was no valid statutory authority for the foreclosure of a tax deed as such. Those sections of Chapter 14572 providing for the foreclosure of

tax deeds had been repealed in 1935 by Chapter 17442, and the second paragraph of Section 1020 C. G. L., which was attempted to be added to said section by Chapter 12409, Acts of 1927, has been held by this Court to be unconstitutional and void, Townsend v. Beck, 140 Fla. 553, 192 So. 390, as not having been within the purview of the title to Chapter 12409.

The next point to determine is whether the prior foreclosure against the First National Bank of East Liverpool, Ohio, as trustee for the estate of Edwin H. Riggs, deceased, foreclosed this defendant's right in and to said property, or whether the tax deed held by said bank was regarded as a lien only, which lien had not been perfected by foreclosure proceedings. The pleadings do not show whether the bank. regarded its tax deed to said property as a conveyance of said property or as a lien only. If plaintiff had regarded the tax deed held by said bank as taking all the title to the property possessed by defendant, then it would not have been necessary to take any further proceedings against defendant in this action because all interest of defendant would already have been foreclosed. But if plaintiff regarded the tax deed held by said bank as a lien only and not a muniment of title, and regarded the foreclosure against said bank as a foreclosure of its tax lien and all right connected therewith, then plaintiff must be held to have regarded the defendant as still possessing all the interest in said land she had ever possessed, subject to the lien of the tax certificate on which the tax deed was based and the subsequent or omitted taxes which the plaintiff was required to pay. Plaintiff's conduct bears out the theory that the tax deed of said bank was regarded as evidence of a lien only, and plaintiff is estopped to deny that it did not so regard the tax deed of said bank. The bill in this case alleges in one place that the bill filed by plaintiff on March 12, 1935, was brought to foreclose the

*tax certificate.* This being true on these pleadings defendant still retained at least an equitable ownership in the property.

As was held in Townsend v. Beck, *supra,* if a tax deed is wholly void, the holder thereof is in the same position as if no deed had been issued and could only resort to foreclosure of his tax certificate. In this case, it does not clearly appear that the tax deed was wholly void as against all the parties to the first foreclosure suit and we are not required to hold that the court below was in error in decreeing that it was evidence of a paramount lien upon the property. However, the court was in error in decreeing a reforeclosure of the tax deed as such. The decree, strictly speaking, should have been for the foreclosure of the lien upon which the tax deed was based—the tax certificate and taxes, etc., which plaintiff was required to pay.

As to the right to re-foreclose a mortgage against a junior incumbrancer who was not made a party defendant in the first foreclosure, see Quinn Plumbing Co. v. Miami Shores Corp., 100 Fla. 413, 129 So. 690.

The final decree, therefore, should also have provided that the surplus arising from the sale, over and above the amount found to be due plaintiff, together with costs and expenses, be paid to the owner of the property. In this view of the case, the separate paragraph of the answer setting forth defendant's offer to redeem said property should have been given consideration by the chancellor.

The final decree is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

TERRELL, C. J., WHITFIELD and BUFORD, J. J., concur.

THOMAS, J., agrees to conclusion.

CHAPMAN, J., dissents.