THORNAL, Justice.
By this original proceeding for a writ of habeas corpus the petitioner Mott, seeks release from the State prison.
On August 4, 1959, Mott was adjudged guilty of the separate crimes of forging and uttering a forged check in the amount of thirty dollars. He was sentenced to imprisonment in the State penitentiary for a period of two years. By his petition he contends that under Sections 831.01 and 831.-02, Florida Statutes, F.S.A., as amended by Chapter 59-31, Laws of Florida, 1959, the offenses committed were misdemeanors, rather than felonies, and that his sentence to the State penitentiary for a two year term was invalid. This being so, he insists that he should be discharged from custody.
Sensing at least prima facie merit to the petition we issued the writ and required a return. The respondent refers to the cited *409 sections of the Florida Statutes. He agrees to the proposition that under Chapter 59-31, Laws of Florida, 1959, the offenses charged in the information were misdemeanors. This is so, states the respondent, because the amount of the check was less than one hundred dollars, and under the cited 1959 statutes, a forged instrument for the payment of money is punishable in the same manner as petit larceny under Section 811.021, Florida Statutes, F.S.A. Similarly, the penalty for uttering such a forged instrument is the same. The respondent concedes that the two year sentence of petitioner was excessive. He takes the position that, inasmuch as there were two counts in the information pursuant to which petitioner was convicted, he could, therefore, bé sentenced to serve a maximum of six months in the county jail on each count.
Neither respondent nor the petitioner assaults the constitutionality or the enforceability of Chapter 59-31, Laws of Florida, 1959. It was this statute which amended Sections 831.01 and 831.02, Florida Statutes, by providing in substance that forging and uttering a forged order for money or other property shall be punished “in the same manner as provided by law for punishment for the crime of larceny.” Unlike State ex rel. Shargaa v. Culver, Fla., 113 So.2d 383, the matter of the constitutionality of the statute involved is not presented to us for consideration here. The State, through the Attorney General, could have done so. Copeland v. State, Fla., 76 So.2d 137. The petitioner Mott apparently, for obvious reasons, has not done so. It would be to his disadvantage so to do. If the 1959 statute were declared unenforceable, then we would return to the former statutory penalty for forgery which was a maximum of not more than ten years in the State penitentiary nor more than one year in the county jail.
It is well established that in the absence of fundamental error, this Court •will not of its own volition raise or volun-tarily pass upon the constitutionality of an act of the Legislature. Statutes come to us clothed with a presumption of validity. It is not a part of the judicial responsibility to undertake to invalidate .them unless the parties to the cause raise the question and assault the statute because of organic weaknesses. Henderson v. Antonacci, Fla., 62 So.2d 5; Ellis v. State, 74 Fla. 215, 76 So. 698; Townsend v. Beck, 140 Fla. 553, 192 So. 390.
We have epitomized the foregoing rules to make it crystal clear that we do not here pass upon the constitutionality or the ultimate enforceability of Chapter 59-31, Laws of Florida, 1959, were it appropriately subjected to attack. Our ultimate judgment herein is not to be construed as a precedent upholding the constitutionality of this statute in the event that it is assaulted in some future litigation.
In order to dispose of this matter we hearken back to the return of the respondent wherein he' agrees that “the petitioner should be remanded to the custody of the respondent for delivery to the sheriff of Hillsborough County, by him to be presented before the said criminal court of record for the imposition of such lawful sentences as said court might see fit to impose, and with directions that petitioner be given credit on any new sentences for all time served and all gain time earned on account of said two year sentence.”
Consequently, we are confronted by the allegations of the petition in which Mott asserts that the two year sentence was illegally excessive and the concession of the return of the respondent to the same effect. In accord with the respondent’s recommendation, therefore, the petitioner is hereby remanded to the custody of the respondent for delivery to the sheriff of Hillsborough County, Florida and by him to be presented before the judge of the criminal court of record of said county for the imposition of such lawful sentences as said court may see fit to impose and with appropriate credit *410 on any new sentence for time served and gain time earned under the present sentence.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW and O’CONNELL, TJ., concur.