BLACK, et ux v. FLEMING ISLAND ESTATES CORP.

No. 448.

Circuit Court, Clay County.

May 18, 1961.

Joseph C. Black, Jacksonville, for plaintiffs.

A. N. Spence, Miami, for defendant.

FRANK H. ELMORE, Circuit Judge.

*Statement of case and opinion:* The plaintiffs are the successors in title of one Louis Wolins to certain real property in Clay County, Florida. The defendant is a Florida corporation having its principal place of business in Dade County and having no office or agent in Clay County. The defendant conveyed the real property described in the complaint by warranty deed to Wolins, and by such deed fully warranted title to the land. The deed was executed on November 9, 1955 and acknowledged on that date in Dade County.

The complaint alleges that although the recorded plat of Fleming Island Estates in which the land conveyed is located shows a 100 foot right-of-way vested in the State Road Department of the State of Florida, the State Road Department is in fact vested

with title to a 200 foot right-of-way. The effect of this, while not specifically alleged, is to diminish the land area of the plaintiffs' property. The complaint therefore, charges that the defendant is guilty of a breach of warranty and seeks damages for the breach.

The defendant's answer admits execution and delivery of the warranty deed, but denies that the State Road Department is vested with a 200 foot right-of-way adjacent to the land conveyed and that it is guilty of breach of warranty. The defendant further, by its answer and amended answer, alleges that it is a Florida corporation having its principal place of business in Dade County, that the deed in question was executed in Dade County, that there is no property involved in this suit in Clay County, or elsewhere, that the cause of action did not arise in Clay County, that this suit is in personam for damages, and that none of the statutory grounds exists for bringing this suit outside the county where the corporation usually keeps an office for the transaction of its customary business. By its answer it asserts its privilege of being sued in the county of its residence and alleges that this suit should be dismissed for improper venue.

The defendant has also filed a motion to dismiss on the grounds of improper venue and failure to state a cause of action; a motion for summary judgment; and a motion for judgment on the pleadings. The motion to dismiss was filed on May 27, 1960 and the answer on June 6, 1960. The answer states that the defendant does not waive its prior motion to dismiss.

The plaintiff has filed a motion for summary judgment on the issue of liability.

None of these motions has been decided.

All undisposed of matters were noticed for hearing on May 4, 1961. Both parties, however, agreed to submit the case on brief without oral argument and have filed with the court their respective memoranda of law. The court has carefully considered those memoranda and has reviewed the pleadings on file. The defendant argues, and the court agrees, that the covenant of warranty was breached, if at all, at the time of the delivery of the deed. This must be so, because the grant of right-of-way to the State Road Department existed prior to and at the time of the recording of the plat. Thus it becomes essential to ascertain the place of delivery of the deed.

The defendant states in its memorandum brief that the deed was delivered by the grantor corporation in Dade County by placing it in the U. S. Mail and cites authority that depositing a

deed in the mail box in a stamped envelope addressed to the grantee operates as a delivery to him. But this is argument and may not be considered in determining the issue. And the allegations of the pleadings are silent as to the manner and place of delivery of the deed. However, a copy of the deed is made a part of the pleadings and we turn to it. In Moody v. Hamilton, 22 Fla. 298 (1886), the Supreme Court said at page 301 — "The presumption . . . is that the deed was delivered and took effect on the day of its date, if there is nothing offered to control this . . . "

The pleadings do not disclose that anything "was offered to control" in the case at bar, thus it must be presumed that the deed was delivered on the day of the date of its execution, and since the execution was in Dade County that the place of delivery was Dade County.

But the plaintiff contends that the subject matter in this case is the two lots of land in Clay County. This is not true in law. In Barrs v. State, 116 So. 28 (1928), the Supreme Court of Florida held — "A suit is one 'involving the title to real estate' only where the necessary result of the decree or judgment is that one party gains or the other loses an interest in the real estate, or where the title is so put in issue by the pleadings that the decision of the case necessarily involves the judicial determination of such rights."

The subject matter in issue here is a covenant of warranty of title to land and the damages flowing from an alleged breach thereof. In Lakeland Ideal Farm & Drainage Dist. v. Mitchell, 122 So. 516, the Supreme Court said — "Certain actions incidentally and secondarily involving real property are transitory in their nature and may be brought in the county of residence of the defendant, even though the defendant therein is compelled to allege, and if denied, to prove, the ownership of the land."

In the article on Covenants in 21 C.J.S. at page 989 it is stated— "At common law, an action brought by a remote grantee for breach of a covenant running with the land should be laid in the county where the land lies, although under statutes abolishing the distinction between local and transitory actions it may be brought in a different county or jurisdiction, as where the covenant was made."

Florida has by statute placed a limitation on the common law doctrine. §46.01, Florida Statutes, the general venue statute, is a limitation on the common law, rather than an enlargement of it. Linger v. Balfour, 136 So. 433. That section and §§46.02 - 46.04 (the latter being the corporation venue statute) are to be considered as being in pari materia. McLeod Construction Co. v. State, 143 So. 594.

A cause of action arises where the act of default occurs. Gates v. Stucco Corporation (1959 Fla. App.), 112 So. 2d 36. In the case at bar, as stated above, the alleged act of default is the breach of the covenant of warranty. This must be deemed to have occurred in the county where the deed, by presumption of law, was delivered. That county was Dade County.

"Under the Rules of Civil Procedure matters in the abatement of an action must be asserted in the defendant's answer or by motion." 34 Fla. Jur. 37. Here the defendant has asserted improper venue both by answer and motion. "A motion to dismiss for improper venue fulfils the office of the former plea of privilege, which was a plea in abatement, not a plea as to jurisdiction." Ibid, 37. "An involuntary dismissal of an action on the ground of improper venue is not one on the merits, that operates as a bar to a subsequent suit." Ibid, 16.

The defendant by its answer asserted its privilege of being sued in the county of its residence, and in its memorandum brief submits (alternatively) that the suit should be transferred "to the proper court in Dade County, Florida." No useful purpose would be served by dismissing this action and requiring the plaintiff to commence anew in the proper forum. §53.17 F.S. (1959) provides, inter alia — "(1) Any court in this state in which is filed a case (including actions at law, suits in equity and statutory proceedings) laying venue in a wrong county or district may transfer such case to the proper court in any county or district of this state where it might have been brought in accordance with the venue statutes of this state."

*Order:* It appearing to the court that this action at law was filed in Clay County, whereas the proper venue thereof is Dade County, it is ordered and adjudged —

1. The venue in this cause is changed from the county of Clay in the fourth judicial circuit to the county of Dade in the eleventh judicial circuit.

2. This cause is transferred to the circuit court of the eleventh judicial circuit of Florida in and for Dade County for appropriate further proceedings therein. The clerk of this court shall transmit forthwith the official court file of this cause, together with a certified copy of this order, to the clerk of the circuit court of the eleventh judicial circuit. The original of this statement of facts, opinion, and order shall remain in the records of this court. The order only shall be recorded in the minutes. The filing fees paid shall be retained by the clerk of this court. This court does not decide the motions, mentioned above, and now pending.