G. W. ELLIS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 26, 1917.

1. When the constitutional validity of the statute on which a prosecution is based is not raised in the trial court, but is merely suggested in the briefs filed in the appellate court, and the law is not patently in conflict with organic law, its validity will not be considered.

2. Where the allegations of an indictment are in substantial conformity to the statute defining the crime alleged, and are sufficient to show the nature and cause of the accusation against the defendant, it is not error to deny a motion to quash the indictment.

3. A bill of particulars may be awarded to a defendant in a criminal prosecution, where he is entitled to more detailed

specifications of the ultimate facts alleged in the indictment.

4. When the statute makes the selling of property subject to a mortgage lien "without the written consent of the person * holding such lien," a crime, evidence as to a verbal consent or acquiescence is ordinarily not admissible in defense.

5. Where the evidence is admittedly sufficient to sustain the verdict in point of fact, and it is held to be sufficient in law to sustain the conviction, the indictment being legally sufficient, the judgment will be affirmed no reversible errors appearing.

Writ of error to Circuit Court for Jackson County, C. L. Wilson, Judge.

Judgment affirmed.

*Price & Carter,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The indictment herein charges "that G. W. Ellis of the County of Jackson and the State of Florida, on the 1st day of January in the year of our Lord One Thousand Nine Hundred and Fourteen in the county and State aforesaid, then and there being, was then and there the owner of one black horse mule named Pete, about six years old, which said mule was then and there on the 1st day of Jan. A. D. 1916, subject to the lien of a valid written and unpaid mortgage for the sum of $337.36 given by the said G. W. Ellis on March 25th, 1914, to L. S. Pender; and that the said G. W. Ellis did

then and there being in possession of the said mule, on the 1st day of Jan. A. D. 1916 sell and dispose of said mule to a person or persons to the Grand Jurors unknown, without the written consent of him the said L. S. Pender, which he the said L. S. Pender was then and there the owner and holder of said written lien."

A motion was made to quash the indictment on the following grounds: that the allegations are vague, indefinite and uncertain, and charge no offense against the laws of Florida and that the allegation relative to the validity of the lien alleged, sets forth no facts showing whether said lien is a valid written lien or not, but alleges an untraversable legal conclusion. The motion was denied. Upon conviction the defendant moved for a new trial on grounds stating that the verdict is contrary to law and contrary to the evidence, that the guilt of the accused is not shown beyond a reasonable doubt and the court erred in giving the following charge: "I charge you further that even though he may have sold the mule with the verbal consent or knowledge on the part of Mr. L. S. Pender, he would still be guilty because the law provides that it is a criminal offense for it to be sold in that manner, unless there be a written consent by the person who owns the mortgage, and it cannot be cured, Gentlemen of the Jury, by any verbal consent or by any attempted payment or return of the property afterwards." This motion was overruled, and after sentence the accused took writ of error.

The statute on which the indictment is founded is that "Whoever shall pledge, mortgage, sell or otherwise dispose of any personal property, to him belonging, or which shall be in his possession, which shall be subject to any written lien, or which shall be subject to any statutory lien, whether written or not, without the written consent

of the person, firm or corporation holding such lien, and whoever shall remove· or cause to be removed beyond the limits of the county any such property' without the consent aforesaid, shall be punished by a fine not exceeding five hundred dollars or· imprisonment not exceeding one year." Sec. 3356 Gen. Stats. 1906, Florida Compiled Laws, 1914.

In arguing here the error assigned on overruling the motion to quash the indictment, it is suggested that the statute is unconstitutional. This question was not raised in the trial court, and as the· statute is not patently in conflict with organic law the suggestions made in the brief do not properly present the validity of the law for consideration by this court.

The allegations of the indictment may fairly be taken to state with reasonable certainty that G. W. Ellis of Jackson County, Florida, on January 1st, 1914, was the owner of· one black horse mule named Pete, about six years old, which said mule was on January 1st, 1916, subject to the lien of a valid written and unpaid mortgage for $337.36 given by said G. W. Ellis on March 25, 1914, to L. S. Pender, and that said G. W. Ellis being in possession of said mule, on January 1st, 1916, did sell and dispose of said mule to a person or persons to the grand jurors unknown, without the written consent of him the said L. S. Pender, the owner and holder of said written lien. The frequent use of the words "then and there" in the indictment affects the lucidity but not the definiteness of the charge. The allegations are suffi ciently definite to show that the defendant was in possession of the described mule at the time of the sale and that the mule was then subject to the mortgage held by Pender. The allegations that the described mule was subject to the lien of a valid written and unpaid mort-

gage for a stated amount given by defendant to Pender on a stated date, are in substantial conformity to the statute defining the crime alleged and are sufficient as a basis for the introduction of evidence as to the terms of the mortgage, the validity and effect of which could be tested in the progress of the trial under the plea of not guilty, the allegations taken together being sufficient to show the nature and cause of the accusation against the defendant. See Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Secs. 3961, 3962, Gen. Stats, 1906. The material allegations being sufficient the defendant could have asked for a bill of particulars if he desired more detailed specifications of the ultimate facts alleged.

Since the statute makes the selling of property subject to a mortgage lien "without the written consent of the person * holding such lien," a crime, evidence as to a verbal consent or acquiescence is not admissible in defense. The statutory offense is not destroyed by verbal consent to or acquiescence of the lien-holder in a sale of the property by the party owning or in possession of the property while it is subject to the lien. There is no showing that the defendant acted as the agent of the lien holder if that would in law change the criminal effect of the acts charged. The written receipt given for a payment made to the lien holder by the defendant does not indicate that the amount paid was realized from a disposition of the mortgaged property.

A charge given and excepted to is in accordance with the views herein expressed and was not erroneous.

The evidence is admittedly sufficient to sustain the verdict in point of fact, and it is held to be sufficient in law to sustain the conviction, the indictment being legally sufficient.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR AND ELLIS, J. J., concur.

WEST, J., disqualified.