W. R. Findley, alias Buck, alias Bill Findley, v State.

168 So. 544.
Division A.
Opinion Filed June 1, 1936.

*Carlton C. Arnow,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BROWN, J.—This case is before us on writ of error to a judgment of conviction for breaking and entering a building with intent to commit a felony rendered by the Criminal Court of Record of Duval County. The information charged that the defendant did on May 10th, 1935, in Duval County, Florida, "feloniously break and enter a certain building, to-wit: the storehouse of Whiddon Cash Stores, Inc., a corporation, then and there situate, with intent then and there to take and carry away the money, property, goods and chattels of another of the value of $50.00, contrary to the form of the statute in such made and provided," etc. The defendant moved to quash the information because it did not identify the storehouse referred to, as Whiddon Cash Stores, Inc., was a large corporation owning numerous and sundry store houses in Duval County, Florida, whereas the information did not allege the particular store house in question; and also upon the ground that the information did not allege the ownership of the money, property, goods and chattels for which the defendant was charged with breaking and entering the building with intent to take and carry away. The information was evidently drawn under Section 7217, Comp. Gen. Laws, which denounces the offense of breaking and entering any building other than a dwelling with intent to commit a felony, the preceding section having dealt with the breaking and entering of a dwelling house. The language of the statute is general in its nature, but it is well settled that the ownership of the building must be alleged in the indictment or information for the purpose of showing on the record that the building alleged to have been broken into was not the property of the accused, and also for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense. Davis v. State, 51 Fla. 37, 40 So. 179. The

motion to quash was properly overruled, however, under the opinion of this Court in Rimes v. State, 36 Fla. 90, 18 So. 114. But the defendant also interposed a motion for bill of particulars which would require the State to give some description of the storehouse referred to therein which would identify it, such as the street and number. In this respect the bill of particulars should have been awarded in view of the fact that the corporation named in the information owned numerous stores in Duval County. We have held that although the allegations of an indictment are in substantial conformity to the statute defining the crime, and are sufficient to show the nature and cause of the accusation against the defendant as against a motion to quash, yet a bill of particulars should be awarded where the defendant is entitled to more detailed specification of the ultimate facts alleged in the indictment. Ellis v. State, 74 Fla. 215, 76 So. 698; Thalheim v. State, 38 Fla. 169, 20 So. 938.

The testimony of certain of the State's witnesses in regard to a series of breakings and enterings of Whiddon's Cash Stores was admitted in evidence over the defendant's objection. This testimony was inadmissible under the principles laid down by this Court in Boyett v. State, 96 Fla. 597, 116 So. 476; Suarez v. State, 95 Fla. 42, 115 So. 519, and Bronson v. State, 117 Fla. 828, 158 So. 435. While there are some exceptions to the general rule referred to in those cases, this case does not fall within the operation of any of such exceptions. It was not even shown in this case that this defendant participated in any of the other breakings and enterings of the stores of said corporation.

It was also reversible error for the court to permit certain of the State's witnesses, who were officers, to testify over the objection of the defendant, that they had information to the effect that the defendant was a member of a gang

who had been engaged in breaking and entering Whiddon's Stores shortly before this particular store was broken into. This testimony was pure hearsay, and hence inadmissible. That it was prejudicial in its nature cannot be gainsaid. And where such testimony is volunteered, it should be stricken out on motion. Dickens v. State, 50 Fla. 17, 38 So. 909; Alvarez v. State, 75 Fla. 286, 78 So. 272; Rhodes v. State, 104 Fla. 520, 140 So. 309.

For the errors above pointed out, the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.