## LONNIE BRADY v. THE STATE OF FLORIDA

7 So. (2nd) 348                                             En Banc
March 20, 1942                    Rehearing Denied April 17, 1942

Smith & Petteway, for appellant.

J. Tom Watson, Attorney General, Sidney L. Segall, Assistant Attorney General, Kenneth Ballinger & Woodrow M. Melvin, Special Assistant Attorneys General, for appellee.

TERRELL, J.:

Appellant was tried and convicted for violating Section 5509, Revised General Statutes of 1920 (Section 7667, Compiled General Laws of 1927) the pertinent part of which is as follows:

"It shall be unlawful for any person, firm or corporation in this State to . . . have in his, their, or its possession any lottery wheel, implement or device whatsoever for conducting any lottery or scheme for the disposal by lot or chance of anything of value; . . . ."

The pertinent part of the information on which appellant was convicted is as follows:

". . . Did unlawfully have in his possession certain implements and devices for conducting a lottery commonly known as bolita which said lottery was conducted for money, said implements and devices being a part of the paraphernalia for conducting the aforesaid lottery, that the aforesaid Lonnie Brady was then and there interested in the conducting of said lottery and possessed said implements and devices for said purpose."

A motion to quash, for directed verdict, for new trial, and in arrest of judgment were seasonably made and denied. This appeal is from a judgment of con-

viction, on which a fine of $700 was imposed or in default of payment thereof, a sentence of one year in the state penitentiary at hard labor.

It is contended (1) that the information is too vague and indefinite to withstand a motion to quash and (2) that the mere proof of lottery tickets in possession of appellant is not proof of possessing implements or devices for conducting a lottery as contemplated by the statute.

The information is loosely drawn but we think it is sufficient. It charges the offense in general terms but substantially in the language of the statute. If any doubt existed in appellant's mind as to the elements of the charge against him, he could have moved for a bill of particulars under Section 113 of the Criminal Procedure Act and thus have secured all necessary and specific information. Thalheim v. State, 38 Fla. 169. 20 So. 938; Findley v. State, 124 Fla. 447, 168 So. 544.

In answer to the second question the evidence shows that appellant was found in possession of duplicate lottery tickets or slips of paper used for that purpose. Such slips were "implements" or "devices" employed for conducting a lottery as condemned by the statute. Appellant contends that since "implement or device" follows "lottery wheel" in the state, the doctrine of ejusdem generis should be applied and when done, it necessarily follows that lottery tickets are not implements or devices for the conduct of lottery.

We do not find sufficient support for this contention. The evidence directly connects appellant with the tickets as the operator of a lottery. The statute is in very general terms and does not possess features warranting the application of ejusdem generis. State

v. Western Union Telegraph Co. 196 Ala. 570, 72 So. 99.

Affirmed.

BROWN, C. J., WHITFIELD, CHAPMAN and THOMAS, JJ., concur.