**LIBERTY LEASING CO., Inc., Appellant,**

v.

**HILLSUM SALES CORPORATION,**
Appellee.

No. 23760.

United States Court of Appeals
Fifth Circuit.

July 21, 1967.

Sidney J. Berger, Miami, Fla., William N. Weaver, Jr., Epstein, Manilow & Sachnoff, Chicago, Ill., Barry L. Kroll, Chicago, Ill., of counsel, for appellant.

Richard L. Lapidus, Miami, Fla., for appellee.

Before PHILLIPS,* THORNBERRY and DYER, Circuit Judges.

DYER, Circuit Judge:

Hillsum Sales Corporation, seller of stamp vending machines, had an agreement with Liberty Leasing Co. whereby Hillsum would solicit and procure leases for Liberty. In return, Liberty agreed to purchase the machines from Hillsum. Certain machines were delivered to Liberty by Hillsum but were not paid for. On December 9, 1965, Hillsum brought suit to recover the purchase price of the machines. Liberty, on January 5, 1966, filed a Motion to Quash asserting lack of jurisdiction over the person. On January 18, 1966, Hillsum filed a Motion for Summary Judgment supported by an affidavit and numerous exhibits. No response to this motion was filed; neither did Liberty present counter-affidavits or depositions.

A hearing was held on February 23 to consider both the Motion to Quash and the Motion for Summary Judgment. Liberty's counsel voluntarily withdrew the Motion to Quash and pleaded unpreparedness as to the Motion for Summary Judgment. The court denied Liberty's request for a continuance and entered a summary judgment in Hillsum's favor on the issue of liability. Nevertheless on February 28 Liberty filed an "Answer and Counterclaim" including general allegations of breach of contract. However no affidavits or other proof were filed.

On March 7 Hillsum filed another Motion for Summary Judgment, attaching business records to prove its claim for damages. Liberty, on March 8, filed a Petition for Rehearing alleging that the court, in entering the summary judgment on liability, had overlooked the deposition of one Grossman taken by Hillsum in connection with Liberty's motion to quash which Liberty contended raised a material issue of fact. Again, no support was offered. After a hearing the court, on March 30, granted a final summary judgment to Hillsum. The court, in its order, stated that it had considered Grossman's deposition and had "concluded that there was nothing in [it] * * * which created, or even indicated that there was a genuine issue of a material fact with respect to liability."

This appeal ensued. We are called upon to decide whether it was error to grant the summary judgment in light of the Grossman deposition and whether it was an abuse of discretion to deny the continuance. We answer both questions in the negative and affirm.

A summary judgment is to be granted only if the evidence before the court shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Poller v. Columbia Broadcasting System, Inc., 1962, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458. The burden is upon the moving party to establish that there is no genuine issue of fact, Kilfoyle v. Wright, 5 Cir. 1962, 300 F.2d 626, 629; Bragen v. Hudson County

* Of the Tenth Circuit, sitting by designation.

News Co., 3 Cir. 1960, 278 F.2d 615, 617, and the party opposing the motion should be given the benefit of every reasonable doubt, Heyward v. Public Housing Administration, 5 Cir. 1956, 238 F.2d 689, 696. However, rule 56 requires that the opposing party be diligent in countering a motion for summary judgment, Southern Rambler Sales, Inc. v. American Motors Corp., 5 Cir. 1967, 375 F.2d 932, and mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment, Fed.R.Civ.P. 56 (e), Robin Construction v. United States, 3 Cir., 1965, 345 F.2d 610, 613–614. The deposition [1] relied upon by Liberty to show that the summary judgment should not have been granted, contains no statements that in any way approach the required specificity. No names, dates or locations are given, and the general assertions and legal conclusions which characterize the entire deposition do not give rise to a genuine issue of material fact. E. g. Dressler v. M/V Sandpiper, 2 Cir. 1964, 331 F.2d 130, 133.

■■ Furthermore, under the 1963 amendments to Rule 56, when the court permits depositions to be used, they "shall be made on personal knowledge [and] shall set forth such facts as would be admissible in evidence * * *." Fed.R.Civ.P. 56(e). Several times during his deposition Grossman candidly admitted that he had no personal knowledge of the alleged misrepresentations and that he was testifying to what others had told him. His testimony comes squarely within the traditional hearsay rule to which Florida adheres, e. g.,

Findley v. State, 1936, 124 Fla. 447, 168 So. 544, and therefore runs counter to the provisions of Rule 56(e).[2] The district court was, therefore, correct in refusing to give weight to the deposition. Freeman v. Continental Gin Co., 5 Cir. 1967, 381 F.2d 459 (July, 1967.)

■ Liberty's contention that the court abused its discretion in failing to grant a continuance before ruling on the Motion for Summary Judgment is wholly without merit. Liberty was notified on January 18, 1966, that the Motion for Summary Judgment would be heard on February 7. The hearing was carried over by the court to February 23. Liberty's voluntary withdrawal of its Motion to Quash on February 23 was clearly no reason for the postponement of a hearing of Hillsum's motion. Furthermore, Liberty had over a month to controvert the Motion for Summary Judgment but did absolutely nothing. The least that Liberty should have done was to have filed an affidavit under Fed.R.Civ.P. 56(f) if the request for more time was in fact justified. See Freeman v. Continental Gin Co., supra. A final summary judgment was not entered until March 30, 1967, after a hearing on Liberty's petition for rehearing, which petition was again unsupported. The court did not abuse its discretion in refusing to grant a continuance of the first hearing on February 23. The contention of Liberty that the court was arbitrary and hasty is not persuasive in light of the fact that Liberty did nothing for over two and a half months to properly present " * * * a ground of defense fairly arguable and of a sub-

---

1. In its appellate brief Liberty also relies upon the answer filed February 28 to establish the necessary genuine issue of material fact. But under the 1963 amendments to Rule 56, pleadings alone will not avoid a summary judgment where the movant has adequately supported his petition with affidavits, depositions and other sworn evidence. Rule 56(e), Fed.R. Civ.P.

2. Under the doctrine of Hanna v. Plumer, 1965, 380 U.S. 460, 85 S.Ct. 1136, 14

L.Ed.2d 8, this court is to apply, when dealing with substantive issues, the law of the state in which the district court is situated. Nor is this evidence admissible under F.R.Civ.P. 43(a). There are no factors involved in this case that would bring it within the ambit of Monarch Ins. Co. of Ohio v. Spach, 5 Cir. 1960, 281 F.2d 401 or Dallas County v. Commercial Union Assurance Co., 5 Cir. 1961, 286 F.2d 388.

stantial character." Robson v. American Cas. Co., 7 Cir. 1962, 304 F.2d 656.

The summary judgment was properly entered and it is

Affirmed.