**Harold R. BIRD, Plaintiff,**

v.

**ZIMMERMAN FUR INSTITUTE, INC.,
Max H. Zimmerman and Evelyn
Zimmerman, Defendants.**

No. 6610.

United States District Court
S. D. Ohio, W. D.

Sept. 9, 1968.

Truman A. Herron, and Bruce Tittle, Cincinnati, Ohio, for plaintiff.

J. Warren Kinney, Jr. Cincinnati, Ohio, for defendants.

PORTER, District Judge.

This matter came on to be heard on the motion for summary judgment filed by the defendant and stands submitted on oral arguments and briefs. The defendant's oral argument was a guided tour through the affidavits in support of his motion for summary judgment. The model, which is pictured in Exhibit JJ, was explained, and attention was

turned to the plaintiff's answer to interrogatory No. 11, request for admission of fact No. 6 and request for admission of fact No. 1.

The subject of the patent which the plaintiff claims the defendant infringed is a drapery pleating machine. The defendant claims there was prior use. The plaintiff claims such prior use was experimental.

■■ At first the defendant's contention appeared to be that its motion was meritorious because the plaintiff, even on a motion for summary judgment, had the burden of showing that prior use claimed to have been experimental was in fact so. (See transcript of arguments, page 35.) It is clear that on a motion for summary judgment it is the moving party who carries the burden of proof and he must show that no genuine issue of material fact exists, and this is true even though at the trial his opponent would have the burden of proving the facts alleged. Doff v. Brunswick Corp., 372 F.2d 801 (9 Cir., 1967).

As to the approach to be made, as pointed out in plaintiff's brief at page 5 the Court must closely scrutinize the evidence, the affidavits, etc., in support of and in opposition to the motion for summary judgment. And as also pointed out in the case cited by the defendant, Liberty Leasing Co. v. Hillsum Sales Corporation, 380 F.2d 1013 (5 Cir., 1967):

> "A summary judgment is to be granted only if the evidence before the court shows that there is 'no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R.Civ.P. 56(c); Poller v. Columbia Broadcasting System, Inc., 1962, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458. The burden is upon the moving party to establish that there is no genuine issue of fact, Kilfoyle v. Wright, 5 Cir. 1962, 300 F.2d 626, 629; Bragen v. Hudson County News Co., 3 Cir. 1960, 278 F.2d 615, 617, and the party opposing the motion should be given

the benefit of every reasonable doubt, Heyward v. Public Housing Administration, 5 Cir. 1956, 238 F.2d 689, 696." Liberty Leasing, supra, at 1014–1015.

■ The rule is the same in the Sixth Circuit. See Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6 Cir., 1962). This points out that the purpose on a hearing on a motion for summary judgment is not to resolve factual issues. "It is to determine whether there is any genuine issue of material fact in dispute * *", citing 6 Moore's Federal Practice ¶ 56.11 (1), p. 2057 and Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

■ The contention of the defendant is that the charges contained in the affidavit in support of their motion are not controverted. He points to paragraph 14 in Mr. Bird's affidavit, and Mr. Zimmerman's affidavit that as to Claim 8 the defendant has never made a machine with counterweights in the swinging arm (Para. 16, Zimmerman affidavit). His contention is that the Bird affidavit (Paras. 7 and 8) shows that the machine was fashioned February 27, 1957 and that it was used experimentally in the *spring* of 1957, (Bird affidavit, page 3) and that repairs were necessary. Emphasis is placed on paragraph 11 of Mr. Bird's affidavit to the effect that he said he made changes but Mr. Bird's statement that experiments continued in the fall or were resumed in the fall were discounted as generalizations entitled to no weight (Transcript, pp. 16, et seq.).

This same argument was directed at statements in the other affidavits offered by the plaintiff in opposition to the motion and that seems to the Court to be the essence of the argument.

Such affidavits point out that the experimenting continued into the fall of 1967. For instance, it is pointed out that the plaintiff had to experiment with different kinds of drapes and that it required a period of time before all

these came into the shop. Also, that there was discussion of changing to tubular material for the machine, but this was discarded and there was a statement to the effect that the metal loops had to be tested for strength, etc.

Looking to the plaintiff's affidavits in the light most favorable to the plaintiff for the purpose of the motion, the Court must conclude that the defendant has failed to establish that there is no genuine issue as to any material fact on the key issue of prior use.

The motion is therefore found to be not well taken, and it is therefore overruled.