Corey WICKER

v.

**FORD MOTOR COMPANY.**

No. Civ.A 98–166.

United States District Court,
E.D. Louisiana.

Jan. 21, 1999.

Martin L. Broussard, Jr., Martin L. Broussard, Jr., APLC, d/b/a Broussard & Associates, New Orleans, LA, Kevin Kennedy Gipson, Broussard & Associates, New Orleans, LA, for Corey Wicker, plaintiff.

Robert W. Maxwell, John B. Sanders, Pulaski, Gieger & Laborde, Covington, LA, Henry L. Sarpy, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, Alan J. Yacoubian, Rene' S. Paysse, Jr., Wesley S. Alost, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, Gregory Joseph Hubachek, Taylor, Wellons & Politz, L.L.C., New Orleans, LA, for defendant.

### Order & Reasons

LEMELLE, District Judge.

Presently before the Court is defendant Ford Motor Company's (Ford) motion for summary judgment. Ford seeks dismissal of plaintiff's claims in their entirety. Having reviewed the memoranda submitted by the parties and the applicable law, the Court finds that there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that defendant Ford Motor Company's motion for summary judgment (Rec.Doc. No. 28) is **GRANTED.**

Plaintiff was employed by intervenor Task Force Temporary Service, Inc. At the time of the incident, plaintiff was working as a hopper on a garbage truck owned by Browning Ferris Industries (BFI). Ford manufactured the chassis and cab of the garbage truck. It is alleged that defendant McNeilus Companies, Inc., (McNeilus) a subsidiary of OshKosh Truck Corporation, manufactured the complete vehicle, a component of which was the chassis cab manufactured by Ford. In an affidavit in support of its motion to dismiss (Rec.Doc. No. 22), McNeilus denies that it manufactured the completed vehicle. McNeilus has previously been dismissed from this action for insufficiency of service of process (Rec.Doc. No. 33).

Plaintiff's duties as a hopper consisted of periodically checking a side access panel on the left side of the vehicle which showed the load capacity of the garbage container. Plaintiff alleges that while he was doing this, the truck driver backed up the truck over him. Plaintiff sustained crushing injuries to both of his legs. He has undergone surgery and physical therapy. Task Force has paid $40,000.00 in workers' compensation benefits to plaintiff as well as $18,000.00 in medical expenses.

Plaintiff filed this suit under the Louisiana Products Liability Act, Louisiana Revised Statute 9:2800.51, et seq., alleging that the mirror system on the truck was defective in design in that it permitted a blind spot to exist on the left side of the truck.

### Defendant's Argument

Defendant argues that it cannot be held liable under the Louisiana Products Liability Act (LPLA) for the injuries sustained by plaintiff. Defendant contends that plaintiff cannot establish a prima facie case under the LPLA. Defendant argues that no real or theoretical defect has been shown to exist in the component of the truck for which Ford manufactured and bears legal responsibility, the chassis cab.

Defendant contends that the chassis cab manufactured by Ford was merely one component of the completed truck, and the only one for which Ford is legally responsible. Defendant asserts that Louisiana Revised Statute 9:2800.53(a)(c) defines a manufacturer as one who incorporates into the product a component or part manufactured by another manufacturer. According to defendant, in order to recover against Ford, plaintiff must prove that the chassis cab was defective before any modifications were made by any entity other than Ford. Defendant asserts that plaintiff has given no evidence of any such defect. Defendant offers the affidavit of Daniel May, a Ford employee and design analysis engineer to establish that the mirror system installed by Ford complied with all federal safety standards.

Defendant further argues that as the manufacturer of a component part, it had no duty to warn the user or handler of its product. Defendant claims it is entitled to

rely on McNeilus and BFI as sophisticated users of the specialized equipment on the chassis to provide the necessary warnings for the risks associated with the work being done by plaintiff. *Scott v. Terrebonne Lumber Co.*, 479 So.2d 410, 413 (La.App. 1st Cir.1985).

Defendant next argues that plaintiff cannot show that the chassis cab deviated in a material way from Ford's specification or performance standards for the chassis cab or from other identical products manufactured by Ford as required by Louisiana Revised Statute 9;2800.55. Defendant argues that it has no liability to plaintiff absent a showing that the injury was caused by a defect contained in the component part. *Klem v. E.I. DuPont De Nemours Co.*, 19 F.3d 997, 1002 (5th Cir.1994). Defendant then discussed several cases in which summary judgment was granted to the manufacturer of a component part for injuries caused by the completed product. *See* defendant's memorandum pp. 9–12.

Defendant also argues that plaintiff has failed to produce expert evidence of a defect in the chassis cab. Plaintiff's expert report points out that eight days before the accident, the mirrors on the vehicle were inspected and found to be installed and working satisfactorily. *See* plaintiff's expert report, p. 2, attached as exhibit 2 to defendant's motion.

### Plaintiff's Argument

Plaintiff contends that there are genuine issues of material fact which preclude the granting of defendant's motion for summary judgment. However, plaintiff has failed to back up these contentions with any evidence which demonstrate that genuine issues of material fact do exist. Plaintiff also contends that the fact that many different truck bodies could be added to the chassis heightens Ford's obligations to plaintiff.

According to plaintiff, Ford had a federally mandated obligation to warn the end stage manufacturer of a potential blind spot in the vehicle. Apparently, this obligation arises because, under the LPLA, a manufacturer is liable for injuries caused by its defective products when such injuries are caused by the product's defective qualities and occur in the normal use or application of the product. *Marshall v. Beno Truck Equipment, Inc.* 481 So.2d 1022, 1030 (La.App. 1st Cir.1985). One type of defect is danger from failing to warn of a reasonably foreseeable danger. It appears that plaintiff is arguing that the alleged blind spot is a defective quality of which Ford should have warned plaintiff.

Plaintiff contends that there is an issue of fact as to whether there exists a better, safer design for the mirror system once a structure was placed on the chassis. However, plaintiff fails to provide any evidence of a safer design.

Plaintiff next argues that Ford could have reasonably foreseen that at least one use for its chassis cab was for garbage trucks. Plaintiff appears to argue that Ford is liable for plaintiff's injuries because: 1) Ford could reasonably foresee the use to which its chassis would be put; 2) its chassis was unreasonably dangerous; 3) the injury to the plaintiff arose from that condition; and 4) the product was being used in a reasonably anticipated manner.

Plaintiff then elaborates on its previous statement that Ford had a statutory obligation to warn the end stage manufacturer of what was needed to comply with federal law. Plaintiff again claims that there are genuine issues of material fact concerning whether or not the vehicle did comply with these regulations, but plaintiff has failed to provide any evidence demonstrating that an issue of fact does indeed exist. Plaintiff argues that 49 CFR 567.5(2) requires the manufacturer to provide documentation to the end stage manufacturer as to what actions, if any, must be taken by the end stage manufacturer for the vehicle to comply with federal safety standards. Plaintiff argues that because this documentation is absent from Ford's motion, this creates

an issue of fact which precludes the granting of summary judgment.

According to plaintiff, 69 CFR 568.4(7)(I) requires the aforementioned documentation to contain a statement that the completed vehicle will conform to the requisite standards if no alterations are made in specifically identified components of the vehicle. Plaintiff again argues that the absence of this documentation creates an issue of fact which precludes the granting of summary judgment. Plaintiff contends that Ford had a duty to warn the end stage manufacturer of what actions it would need to take in order to have the vehicle continue to conform to the necessary federal standards. This duty is evidenced by the two CFR sections previously mentioned. Plaintiff argues that because Ford failed to show that it provided this documentation to the end stage manufacturer, summary judgment should be denied.

Plaintiff then contends that for Ford to be free of liability, it must show that the alteration made by the end stage manufacturer created the defect and this alteration amounts to an intervening or superseding cause of injury. *Hines v. Remington Arms Co., Inc.*, 522 So.2d 152 (La.App. 3d Cir.1988).

Plaintiff finally argues that this case is not ripe for summary judgment. The reason for this is that plaintiff's expert has not yet had a chance to inspect the vehicle in question. Plaintiff avers that he has made numerous requests through the intervenor to inspect the vehicle, yet they have only recently agreed to allow an inspection and only with Ford present.

### Law and Discussion

■ In order to hold defendant Ford liable for his injuries, plaintiff must factually establish that:

1) the product manufactured by defendant possesses a characteristic that makes it unreasonably dangerous;

2) that the characteristic which makes the product unreasonably dangerous existed when it left the control of defendant or resulted from a reasonably anticipated alteration or modification of the product;

3) that the characteristic which makes the product unreasonably dangerous proximately caused the plaintiff's damages; and

4) that the damage arose from a reasonably anticipated use of the product.

■ La. R.S. 9:2800.54; *Portes v. General Motors Corp.*, 1989 WL 101419 (E.D.La. Aug. 24, 1989). Plaintiff has failed to establish a prima facie burden demonstrating that the product manufactured by Ford possessed a characteristic that made it unreasonably dangerous. Plaintiff's expert report gives no opinion as to the design, installation and the effectiveness of the mirrors on the vehicle. *See* plaintiff's expert report, p. 3. attached as exhibit A to plaintiff's opposition.

Plaintiff also claims that his expert has not had an opportunity to examine the vehicle. This is through plaintiff's own fault. Plaintiff has had ample time to do this; this court had granted plaintiff an extension of time in which to submit his expert report (Rec.Doc. No. 21). Plaintiff has failed to take advantage of this extension.

■ The record is noticeably lacking in any effort by plaintiff to compel BFI to allow plaintiff an opportunity to inspect the vehicle. Fed.R.Civ.P. 34 allows a party to examine a thing in the possession of another party or non-party. A party or non-party may be compelled to allow this discovery if necessary. Plaintiff has not filed any motions to compel inspection, or any other motions of that nature, and now tries to claim that Ford's motion for summary judgment should be denied because plaintiff has not had an opportunity to examine the vehicle. Additionally, plaintiff has not provided the Court with any evidence, correspondence, etc., which demonstrates to the Court that the party or parties in possession of the vehicle have previously

refused to allow plaintiff to inspect the vehicle. Plaintiff's exhibit B, a letter from the intervenor's counsel to plaintiff's counsel, shows that intervenor's counsel is relaying to plaintiff's counsel the person plaintiff's counsel needs to contact in order to set up an inspection of the vehicle.

Throughout his opposition memorandum, plaintiff has made allegations that the vehicle manufactured by Ford contained an unreasonably dangerous defect, yet these allegations are unsubstantiated. Fed.R.Civ.P. 56 "requires that the opposing party be diligent in countering a motion for summary judgment and mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Liberty Leasing Co. v. Hillsum Sales Corp.,* 380 F.2d 1013, 1015 (5th Cir.1967); *Walton v. Alexander,* 20 F.3d 1350, 1352 (5th Cir.1994).

Furthermore, plaintiff's claims that there exists genuine issues of material facts based on the absence of certain documents which Ford was allegedly required to submit to the end stage manufacturer in accordance with federal regulations does not rise to the standard of a genuine issue of material fact which will prevent the award of summary judgment. The Code of Federal Regulations sections cited by plaintiff do not require the manufacturer to submit documentation to the end stage manufacturer, but only that the manufacturer affix certain labels to the incomplete vehicle. Even if they did require certain documentation, the fact that Ford has not attached these documents to its motion does not create a genuine issue of material fact. There is no evidence that this documentation, if attached to defendant's motion for summary judgment, would lead to evidence of some defect in the chassis of the vehicle in question.

Defendant has listed 16 statements of uncontested material facts in support of its motion for summary judgment. Plaintiff has failed to provide any evidence which rebuts these statements, other than mere allegations. Ford is entitled to judgment as a matter of law if the plaintiff cannot meet its burden of establishing a prima facie case of defect or unreasonably dangerous condition in the vehicle. Plaintiff has failed to do this. Plaintiff has failed to meet his burden for opposing Ford's motion for summary judgment as set forth by the Fifth Circuit in *Liberty Leasing.* Therefore, Ford is entitled to judgment as a matter of law.